**AT THE UNITED STATES DISTRICT COURT**
**IN AND FOR CAMDEN DISTRICT NEW JERSEY**

Carlene McPhillip
3501 Blackhorse Pk #530-1026
Turnersville, NJ 08012
856 397 7115 – Phone
kfordays@yahoo.com – Email

RECEIVED

MAY 1 7 2023

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

May 17, 2023

| | |
|---|---|
| Carlene McPhillip<br><br>                          Plaintiff<br><br>              v.<br><br>Kathleen M. Magoon (private capacity)<br><br>Robert G. Malestein (private capacity)<br><br>NATIONSTAR MORTGAGE LLC dba MR. COOPER<br><br>ALLIED FIRST BANK, SB dba SERVBANK<br><br>                          Defendants | Docket No.:<br><br>Trial by jury demand<br>Collateral attack<br>42 U.S Code § 1983<br>12 U.S Code § 1701 et seq.<br>Fair Debt Collection Practices Act 15 U.S Code §1692 et seq.<br>Fictitious obligation 18 U.S. Code §§ 513, 514<br>Bill of Rights: Article(s) 1st, 4th, 6th and 14th<br>Abuse of Process<br>Identity Theft |


### COMPLAINT AND JURY DEMAND ON ALL COUNTS APPLICABLE


1. This complaint is being filed by Carlene McPhillip (hereinafter "Carlene") against all caption
   Defendants as a collateral attack for misconduct/acts and omissions related to the attempted
   foreclosure on an alleged single family residential mortgage of private property allegedly
   located in Gloucester County New Jersey.  Account/case# F-008917-22 filed in the
   GLOUCESTER COUNTY SUPERIOR COUNTY COURT on August 25, 2022. Plaintiff is
   entitled to relief and hereby seek redress for violation of rights secured by both the
   Constitution of the State of New Jersey and the Constitution for the United States.

## INTRODUCTION

2. This action arises out of the Defendants' acts and omissions to deprive Plaintiff of inherent, sacred and inviolable rights absent of due process. These rights include, but are not limited to, the exclusive enjoyment, use, and disposal of property which includes, but is not limited to, having a home and being secured from unlawful seizure.

   This action arises out of the Defendants' acts and omissions to deny equal enjoyment and access of a place to live, worship, raise a family, and shelter under color of state law, which is against Public policy.

   The causes of actions brought are (1) Violation of 42 U.S.C. § 1983 (due process and equal protection clauses), (2) Identity Theft, (3) Abuse of process, (4) negligent infliction of emotional stress.

   Plaintiff asks the Court to convene a federal grand jury to investigate the allegations set forth herein for what Plaintiff believes to be violations of federal law by all Defendants incorporating title 18 U.S.C. § 241 and 18 U.S.C § 242. Proximate result by Defendants' actions is depriving Plaintiff of constitutionally protected rights and the concerted effort on the part of the Defendants to violate Plaintiff's constitutionally protected rights, absent of due process.

## PARTIES

3. At all times relevant Plaintiff is a woman (herein after "Carlene") has no minimum contacts with the State of New Jersey

4. At all times relevant Defendant Kathleen M. Magoon (hereinafter "Kathleen") is a woman who at times acts as an attorney in the State of New Jersey.

5. At all times relevant Defendant Robert G. Malestein (hereinafter "Robert") is a man who at times acts as judge for Gloucester County.

6. At all times relevant Defendant NATIONSTAR MORTGAGE LLC dba MR. COOPER (hereinafter "the servicer") is a **foreign** limited liability company, one of the largest mortgage

servicers, and the largest non-bank mortgage servicer, in the United States; The Servicer is licensed and regulated by the New Jersey Division of Banking and Finance to do business in this State.

7.  At all times relevant Defendant, ALLIED FIRST BANK, SB dba SERVBANK (hereinafter "the debt collector") is a New Jersey Foreign Profit Corporation; registered agent is CT Corporation System located at 820 Bear Tavern Rd West Trenton, NJ 08628

## RELEVANT FEDERAL ACTS

8.  Title 12 USC  § 215.1 (a) Authority pursuant to sections 11 (a), 22 (g), and 22 (h) of the Federal Reserve Act (12 U.S.C. 248(a), 375a, and 375b), 12 U.S.C. 1817(k), section 306 of the Federal Deposit Insurance Corporation Improvement Act of 1991 (Pub. L. 102-242, 105 Stat. 2236 (1991)), section 11 of the Home Owners' Loan Act (12 U.S.C. 1468), section 312(b)(2)(A) of the Dodd frank Wall Street Reform and Consumer Protection Act (12 U.S.C. 5412); 12 CFR Part 106- Fair Debt Collection Practices Act (Regulation F) and the national Housing Act 1934 (Capehart Act), ch. 847, 48 Stat. 847 (1937) (codified as amended at 12 U.S.C.  § § 1701 to 1750g and 42 U.S.C. 1401 to 1440). The Federal Housing Administration (FHA) provides mortgage insurance on loans made by FHA- approved lenders throughout the United States. Among other things, FHA insures mortgages on "single family" housing, which refers to one- to four- family dwellings.  See, e.g., 12 U.S.C.  § 1709; see generally 24 C.F.R. Part 203.

## JURISDICTION AND VENUE

9.  Because those are federal Acts, pursuant to 15 U.S. Code § 3007, jurisdiction and venue is restricted to the **district courts of the United States for any civil action** under this chapter, without regard to the citizenship of the parties or the amount in controversy.

10. Pursuant to 15 U.S. Code § 3007(b) Venue; service of process civil action under this chapter may be brought in any **district court of the United States** for a district located in the host

State or the off-track State, and all process in any such civil action may be served in any **judicial district of the United States.**

11. Pursuant to 12 U.S.C. § 632, jurisdiction of United States courts is for **disposition by banks of foreign owned property** and provides the only permissible court filings, for any entity **operating under the Federal Reserve Act**, must arise out of transactions involving **international and foreign banking**, and as of 1941, the Secretary of State has to be made a party to the proceeding in the federal district court, with no aid of an attorney.

12. This court has jurisdiction pursuant to title 28 U.S Code §110

## GENERAL ALLEGATIONS

13. "The servicer's" initial claim was signed and filed by and through "Kathleen", has been enforced by several federal statutes, Titles 7, 12, 15, 42 U.S. Code and the National Housing Act of §1937.

14. As described in the allegations below, Defendants' misconduct resulted in identity theft, unauthorized foreclose action by abuse of process and simulation of legal process, violation of constitutionally protected authority and dominion, the use of false and deceptive certifications and other documents, and the waste and abuse of taxpayer funds.

15. Each of the allegations regarding the Defendants, contained herein applies to instances in which one or more, and in some cases all of the Defendants, engaged in the conduct alleged.

16. Pursuant to careful reading of the statutes, "**mortgage**" contracts are facilitated through a "**time deposit**" at an International Banking Facility (IBF) that only '**foreigners**' are permitted to establish for settlement of any type of "**mortgage obligation**" through an Automated Clearing House (ACH) at an IBF [see 12 C.F.R. 201].

17. Pursuant to 12 CFR § 204.1 (1)(ii) A mutual savings bank as defined in section 3 of the Federal Deposit Insurance Act (FDI Act) (12 U.S.C. 1813 (1)(5)(D) … "time deposit" as such term is defined by the board of Governors in Regulation D (12 CFR part 204. For example, "mortgage Loans" insured by the Federal Housing Administration (FHA).

18. Funding through an IBF cannot be used in the United States, therefore by default, there are No mortgage loans enforceable in the United States aka outside a federal area.

19. Plaintiff intends to prove that the subject property is not "in the **STATE**". She did not **qualify** to apply for or receive a mortgage loan. Defendants have no standing to have financed or foreclose on the subject property and "Robert" is disqualified from rendering any lawful order inconsistent with public policy in relation to case/account# F-008917-22.

20. Pursuant to 12 U.S.C. § 1831b <u>no</u> "insured depository institution", "insured" branch of a "foreign bank" or mutual savings or cooperative bank which is not an insured depository institution, shall make any federally mortgage loan to any agent, trustee, nominee, or other person acting in a fiduciary capacity without the prior condition that the identity of the person receiving the beneficial interest in such loan shall be known to the insured depository institution, insured branch, or bank.

21. **Pursuant to 12 U.S.C. SECTION 4635(a)** The Director may … apply to the United States district court within the jurisdiction of which the **headquarters of the regulated entity** is located for the enforcement of any effective and outstanding notice or order issued … or request that the Attorney General of the United States bring such an action.

22. The "Director" is Director of the **Federal Housing Finance Agency** and the record does not reflect s/he initiated the foreclosure case against Carlene McPhillip.

23. The record does not reflect that the subject property is a bank headquarters.


**ATTORNEY HAD NO STANDING TO INSTITUTE CLAIM**

Plaintiff reallege, restate, and incorporate by reference the allegations from paragraphs 1 through 23.

24. Civil maritime and admiralty actions require a legitimate contract between the Plaintiff and Defendant for the Plaintiff to have standing to sue.

5

25. For the "the servicer" to have standing to sue and for the court to have jurisdiction of the subject matter there must be in existence a bona fide contract binding the accused into the maritime jurisdiction.

26. The alleged cause of action is "foreclosure" however, there is no such provision in all of title 12 U.S.C. BANKING, pertaining to a private man or woman, much less to one's private property, (see National Bank v. Matthews, 98 U.S. 621 (1878)).

27. Pursuant to 12 CFR PART 215.1(b)(1) entities so organized may only make loans to **executive officers, directors** and, **principal shareholders** of member banks (REGULATION O).

28. Pursuant to Title 12 CFR Part 1006, Regulation F implements the Fair Debt Collection Practices Act (FDCPA, prescribing Federal rules governing the activities of debt collectors, as that term is defined in the FDCPA [Cf. 15 U.S.C.A. 1692 et seq].

29. Pursuant to Title 12 Code of Federal Regulation ("CFR") SECTION 347.15 2) the following financial activities are only authorized **outside the United States** Financing, including commercial financing, consumer financing, mortgage banking, and factoring, subject to compliance with any attendant restrictions contained 12 CFR 225.28(b) (List of permissible nonbanking activities.)

30. Pursuant to Title 12 CFR 225.28(b)(ii) those banking activities are restricted to: "Arranging commercial real estate equity financing. Acting as **intermediary for the financing of commercial or industrial income-producing real estate** by arranging for the transfer of the title, control, and risk of such a real estate project to one or more investors…"

31. 12 U.S.C. SECTION 371d. Investment in **bank premises or stock of corporation holding premises.**

32. 12 U.S.C. SECTION 221a(b) the term "**affiliate**" shall include any corporation, business trust, association, or other similar organization.

## SUBJECT PROPERTY NOT QUALIFIED FOR "MORTGAGE"

Plaintiff reallege, restate, and incorporate by reference the allegations in the foregoing name above complaint, introduction and paragraphs 1 through 32.

33. Pursuant 12 U.S. Code 1710(1)(3)(A) The term "**contract mortgagee**" means a <u>person</u> or entity under a contract with the Secretary that provides for the assignment of a single-family mortgage from the Secretary to the person or entity for the purpose of pursuing foreclosure.

34. However, 12 U.S.C. 1867. Requires a filing of a "Report of condition listed as FFIEC 031, FFIEC 041, or FFIEC 51 version of the Consolidated Report of Condition and Income (Call Report), financial activity **outside of the United States**;

35. FFIEC 031, permits a "**foreclosure**" provided it's a "lease" of a **bank building**.

36. FFIEC 41, permits Securitization of any "mortgage backed security"

37. MERSCORP, as an agent for Ginnie Mae, Fannie Mae, and Freddie Mac, are listed as GSE, owned by a foreign banking organization required to file a Consolidated Report of Condition and Income (Call Report).

38. MERSCORP has no legal authority to register, demand payment, or assign a trustee or hire anyone to initiate "foreclosure" in regards to private residential real property in the united states.

39. The definition of the term "mortgage" defined in the 12 U.S.C. 1736 is lifted straight from the Home Owners' Loan Act of 1933 (HOLA) as meaning "**secure advances**" to a "**member bank**".

40. The Federal Reserve Board's published regulations codified as 12 C.F.R. 206, lists the "eligible securities" being restricted to the Bank of International Settlement, and the debtor being a **member bank**.

41. 12 U.S.C. 632 defines, the term "**property**" includes gold, silver, currency, credits, deposits, securities, choses in action, and any other form of property, the proceeds thereof, and any right, title, or interest therein.

42. 12 U.S.C. 632 defines, the term "**person**" includes any individual, or any corporation, partnership, association, or other similar organization.

43. All legitimate mortgage transactions regulated by the banking laws of the state and the United States are between **member banks affiliates, directors, executives and shareholders** organized under title 12 U.S Code.

44. A permissible "**foreclosure**", is restricted to **collateral stock**" posted by "any corporation involved in foreign banking".

45. Any "promissory note" signed in any one of the several de jure states, outside of a federal area, and intended to encumber private real property, in violation of 12 U.S. Code §§ 615 and 616, would be void ab-initio'.

46. The 1933 Home Owners Loan Act, section 4, repealed any direct loans to private people.

47. The 1933 Home Owners Loan Act, section 5, created **Savings and Loan Associations**, however, they are **not permitted to accept a deposit, nor operate at a profit**.

48. The record does not reflect that the attorney signing the pleadings has standing to bring this claim since there is no record to support Carlene was qualify or eligible to be in a banking transaction with any financial institution or "the servicer" in which she could have caused their alleged loss, injury or damages.

### PLAINTIFF HAS NO PERSONAL LIABILITY

Plaintiff reallege, restate, and incorporate by reference the complaint, introduction and allegations above from paragraphs 1 through 48.

49. The STATE through its subdivision agency, GLOUCESTER COUNTY COURT, HAS AND OWES DUTY OF CARE TO Carlene to protect her private rights from abridgment, infringement and invitations by its officers, agents and contractors.

50. The STATE has breached that duty when one or more of its licensees initiated a civil action and instituted a suit against CARLENE MCPHILLIP, (account/case# F-008917-22)

51. The STATE of NEW JERSEY is responsible for training and supervising "Robert".

52. The case in question was initiated under the [New Jersey Statute N. J. S]

53. The N.J.S are written by the Statute Law Revision Commission.

54. The Statute Law Commission Revision cannot and does not write "law" that is inconsistent with the Constitution of the State of New Jersey, the United States Constitution or that is universally applicable on every man and woman that live, work and play on land commonly known as the "**State**" of New Jersey.

55. Since there is no enacting clause for the N.J.S, said statutes are only applicable to those "**persons**" in a maritime contractual agreement with the State of New Jersey or subdivision thereof.

56. Those "persons" are defined at 12 U.S.C. SECTION 371c-1 Restriction on transactions to a member bank and its subsidiaries engaging with any covered transaction with an affiliate.

57. The record does not reflect that the court or its officers had delegation of authority to institute the case pursuant to 26 U.S. Code § 6903(a) and 26 CFR SECTION 301.6903-1(a).

58. Opening a case/account without a delegation of authority is a violation of public policy and contract law as it invades Carlene's privacy and deprives her of due process.

59. The STATE must have an interest or ownership in the subject property in order for it to delegate authority to its political subdivision, GLOUCESTER COUNTY COURT, to take 'in rem' action upon it.

60. Pursuant to Abernathy v. Abertnathy 26 Ga. 815 (Ga. 1997) 482 S.E.2d 265 Decided Mar 3, 1997, quasi in rem jurisdiction, that fictional "ancient form," and in personam jurisdiction, are really one and the same and must be treated alike – leading to the conclusion that quasi in rem jurisdiction, i.e., that form of in personam jurisdiction based upon a "property ownership" contact and by definition unaccompanied by personal, in state service, must satisfy the litigation relatedness requirement of International Shoe.

61. The record does not reflect consent has been given by Carlene McPhillip to be governed by the STATE Unit of general local government statutes [Cf. 12 U.S.C. §1710(h)(8)(F)].

62. The record does not reflect "The appropriate State official or the trustee can execute and deliver a deed or other appropriate instrument conveying title to the purchaser at the foreclosure sale" as required pursuant to 12 U.S.C. 171(1)(1).

## SUBJECT PROPERTY NOT STATUTORILY "IN THE STATE"

Plaintiff realleged, restate, and incorporate by reference the allegations in the foregoing name above complaint, introduction and paragraphs 1 through 62.

63. Pursuant to New Jersey State Statute §1:1-2 **State: extends to and includes any State, territory or possession of the United States, the District of Columbia and the Canal Zone.**

64. Pursuant to 4 USC 110 (d) The term "State" includes any Territory or Possession of the United States.

65. Pursuant to 4 USC 110 (e) The term **"Federal Area"** means any lands or premises held or acquired by or for the use of the United States or any department, establishment, or agency, of the United States; and any Federal area, or any part thereof, which is located within the exterior boundaries of any State.

66. The head of a department, agency, or independent establishment of the Government, or other authorized officer of the department, agency, or independent establishment, considers it desirable, that the individual may accept or secure, from the State in which the land or an interest in land that is under the immediate jurisdiction, custody, or control of the individual is situated, consent to, or cession of, any jurisdiction over the land or interest not previously obtained. The "individual" shall indicate acceptance of jurisdiction on behalf of the Government by filing a notice of acceptance with the Governor of the State or in another manner prescribed by the laws of the State where the land is situated.

67. At all times relevant there exists no record to support the United States Government accepted jurisdiction over subject property.

68. Defendant "Kathleen", in representing "the servicer" has failed to allege in the foreclosure complaint that subject property was acquired by the United States Government.

69. The definition of "State" pursuant to Title 12 USC 1817(3) … means any State of the United States, the District of Columbia, any **territory** of the United States, Puerto Rico, Guam, American Samoa, The Trust Territory of the Pacific Islands, the Virgin Islands, and the Northern Mariana Islands.

70. The record does not reflect that the subject property is in the "State" as statutorily defined.

71. Defendant "Kathleen", alleged subject property situated in the Monroe Township, County of Gloucester and "State" of New Jersey.

72. The record does not reflect admissible evidence upon which the court could render a lawful order because there is no **competent witness**.

73. All Defendants, by presenting no competent witness, failed to establish a prima facie case establishing its right to judgment as a matter of law. (See State ex rel. Nixon v. McIntyre, 2007 WL 1974953 (Mo. Ct. App. W.D. 2007).

74. Nothing can be more material to the obligation than the means of "enforcement." Without the "remedy" the contract may indeed, in the sense of the law, be said "not to exist", and its obligation to fall within the class of those moral and social duties which depend on their fulfillment wholly upon the will of the individual. The ideas of "validity" and "remedy" are inseparable. United States ex rel. Von Hoffman v. Quincy, 71 U.S. (1867). Therefore, the Defendants' act of instituting a case without any lawful authority to enforce it was instituted negligently and maliciously.

## WRONGFUL CONDUCT RELATED TO FORECLOSURES

Plaintiff reallege, restate, and incorporate by reference the allegations in the foregoing name above complaint, introduction and paragraphs 1 through 74.

75. Under the States' consumer protection laws, the Banks are prohibited from engaging in **unfair** and **deceptive practices** with respect to consumers.

76. FHA regulations and guidance and servicer participation agreements establish requirements to be followed in the foreclosure of single family residential mortgages that are FHA insured, or where the servicer conducting the foreclosure is an MHA participant.

77. The alleged foreclosing bank/servicer regularly conducts or manages foreclosures on behalf of entities that hold mortgage loans and have contracted with "the servicer" to service such loans.

78. In the course of their conduct, management, and oversight of foreclosures, all Defendants violated FHA foreclosure requirements.

79. In the course of their conduct, management, and initiation of foreclosure, "the servicer" has engaged in a pattern of unfair and deceptive practices.

80. "The servicer" failed to follow appropriate foreclosure procedures, and related unfair and deceptive practices that includes, but not limited to, the following:

   a. Failing to properly identify the foreclosing party;

   b. Failing to show attorney's authority to institute foreclosure actions;

   c. Preparing executing, notarizing or presenting false and misleading documents, filing false and misleading documents with courts and government agencies or otherwise using false or misleading documents as part of the foreclosure process (including, but not limited to, affidavits, declarations, certifications, substitutions of trustees, and assignments);

   d. Preparing, executing, or making certifications in foreclosure proceedings without personal knowledge of said certifications and without review of any information or documentation to verify the assertions made in the initial complaint.

   e. Executing and filing complaints in foreclosure proceeding, absent certain conditions precedent, including but not limited to, the verification subject property is "banking premises".

   f. Misrepresenting the identity or legal status of Carlene by executing foreclosure-related documents.

g. Inappropriately charging servicing, document creation, recordation and other costs and expenses related to foreclosures; and

h. Inappropriately dual-tracking foreclosure and loan modification activities, and failing to communicate with respect to objections to their fraudulent foreclosure activities.

81. At all times relevant the record reflects Defendant, "Kathleen" had no delegated authority from the Secretary of Treasury or Secretary of the Housing Urban Development to initiate this instant case.

82. There is no record to support Defendant "Kathleen" was hired by the Governing Authority of Defendant "the servicer" who at a notice minuted meeting signed a document delegating authority to the Defendant "Kathleen" to initiate this foreclosure action on its behalf.

83. Defendant, "Kathleen", made certification on documents filed in this instant case.

84. The record reflects a correspondence captioned "Notice of false certification and unconscionable contract" was sent to "the servicer" on or about 03/08/2022.

85. "The servicer" failed to investigate or respond to Carlene's assertions in correspondence mentioned in paragraph No. 84 above.

86. At all times relevant there exists no record to support the land legally described as **1513 Patricia Court, Williamstown, New Jersey zone improvement code (zip) 08094** was **ceded** or **purchased** by the United States Government.

87. Pursuant to title 40 U.S Code 255(c) It is conclusively presumed that jurisdiction has not been accepted until the Government accepts jurisdiction over land as provided in this section.

88. The record is absent a "notice of acceptance" filed with the Governor of the State of New Jersey by the head of the Housing Urban Development or other individual as so designated.

89. Defendant "Robert", currently presiding over the case associated with account/case number F-008917-22, is filed in the GLOUCESTER COUNTY SUPERIOR COURT STATE of NEW JERSEY.

90. "The servicer" has an obligation and duty to the Plaintiff to properly train and supervise all employees, officers, or contractors under their purview about acts and/or omissions practices, unlawful foreclosure practices which are against public policy.

91. These actions and omissions by the Defendant, "the servicer", through their various agencies and policy making officials, demonstrates a callous indifference to the rights of the Plaintiff and other homeowners who have been harmed by these "policies"; and such consequence is reasonably foreseeable by the Defendant, "the servicer". Such failure to train, supervise, and later to investigate and discipline the agents involved reflects a deliberate and conscious indifference to the rights of others by the Defendants.

92. The record reflects during the pendency of account/case number F-008917-22 "the servicer" communicated by united states mail with Carlene on April 4, 2023 that **"the servicing of your mortgage loan, that is the right to collect payments from you, is being transferred from Mr. Cooper to Allied First Bank, sb Servbank"**. "The servicer" has transferred the servicing and the right to collect payments to ALLIED FIRST BANK, SB dba SERVBANK effective April 20, 2023.

## FDCPA VIOLATIONS PLED AGAINST "THE DEBTOR COLLECTOR"

93. The record reflects that on or about May 7, 2023, Carlene received a correspondence from Defendant "the debt collector" referencing a loan number 0848143376.

94. At all times relevant the record is absent permission from a court of competent jurisdiction given to Defendant "the debt collector" to communicate with Carlene.

95. There exists no record to support that Carlene gave express consent to "the debt collector" to communicate about any debt.

96. At all times relevant there exists no contractual relationship between Carlene and "the debt collector"

97. At all times relevant the correspondence received by Carlene, as mentioned in paragraph (93) above from "the debt collector", confesses to be a debt collector defined 15 U.S.C.A. § 1692a(6);

98. At all times relevant the Federal Fair Debt Collection Practices Act (FDCPA) is a strict liability Act.

99. At all times relevant the FDCPA was enacted in order to eliminate abusive debt collection practices.

100.    The correspondence received by the Plaintiff appears to be an attempt to collect an alleged "debt" pursuant to 15 United States Code (USC) 1692 based on the statutory definitions [see 15 USC 1692a] as it claims "amount due: $307,723.03

101.    The **"$"** legally statutorily defined, making reference to it as a false and misleading representation to the character and legal status [see 15 USC 16923 (2)(A)]

102.    The record does not reflect that Carlene has the capacity to trade obligations and securities of the United States.

103.    At all times relevant the debt is alleged to be due or owed to another and not "the debt collector"

104.    At all times relevant the "debt" arises out of a transaction entered primarily for personal, family, or household purposes.

105.    There also exists no record of an express or implied legal obligation between Carlene and LYNX WHOLE LOAN ACQUISITION LLC.

106.    At all times relevant pursuant to 15 USC 1692i(b) prohibits the bringing of any legal action by debt collectors.

107.    At all times relevant "the debt collector" uses the instrumentality of interstate commerce or the mail in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FICTITIOUS OBLIGATION VIOLATION 18 USC §§ 513, 514

108.    The record reflects "the servicer" possessed and with its intent to deceive Carlene did utilize the wires and mail on several occasions to uttered multiple copies a forged security to several other servicers including but not limited to "the debt collector".

109.    As a direct and proximate result of "the servicer" action mentioned in paragraph 93 above, Carlene has received several correspondences from another servicer, Equity Prime Mortgage LLC, stating that they too are servicers responsible to service the alleged loan.

110.    Simultaneously while this is happening, Carlene is litigating a foreclosure account/case in the Gloucester County court account/case# F-008917-22.

111.    Because "**the servicer**" has transferred their rights to collect payment, it is therefore an impossibility for "**Robert**" to grant relief to "the servicer".

112.    "The servicer's" acts and omissions are de minimis to affect interstate commerce because Carlene used the united states postal service to mail and respond to several correspondences received from various companies in different states asserting themselves to be the servicer of the loan.

113.    Therefore, Plaintiff is entitled to injunctive relief to enjoin all Defendants from enforcing unconstitutional actions against Plaintiff or anyone else.

## FEDERAL QUESTIONS

114.    This claim involves a federal question arising under the Constitution, laws, or treaties of the United States 28 U.S Code §1331.

115.    **1st Federal Question:** When a political subdivision, the County of Gloucester, created under or by an act of the New Jersey Legislature, the New Jersey State Constitution works in conjunction with its agents of its municipal corporation and attorneys to deprive constitutionally secured substantive rights of Carlene, does Carlene lose her rights? Plaintiff contends, no.

Therefore, Plaintiff is entitled to injunctive relief to enjoin all Defendants from enforcing unconstitutional actions against Plaintiff or anyone else.

116.   **2nd Federal Question:** Can the State of New Jersey statutes, guidelines, recommendations, orders, and encouragement from corporate, state subdivisional, and federal agencies, such as the Housing Urban Development, "the servicer", the Superior Court of Gloucester County supersede the United States Constitution which incorporates substantive and procedural due process? Plaintiff contends, no.

Therefore, Plaintiff is entitled to injunctive relief to enjoin all Defendants from enforcing unconstitutional actions against Plaintiff or anyone else.

117.   **3rd Federal Question:** Because the State of New Jersey statutes are supposed to be consistent with the promulgated laws of both the Constitution of the State of New Jersey and the United States Constitution, can the officers, agents and/or employees apply state statutes, orders or rules that violate Plaintiff's substantive and procedural rights as secured by the United States Constitution and Federal law? Plaintiff contends, no.

Therefore, the Plaintiff is entitled to injunctive relief to enjoin Defendants from enforcing unconstitutional actions against the Plaintiffs or anyone else.

118.   **4th Federal Question:** Must the Plaintiff comply with any order, ruling or suggestions that violate constitutionally secured rights absent of due process? Plaintiff contends, no.

Therefore, the Plaintiff is entitled to injunctive relief to enjoin Defendants from enforcing unconstitutional actions against the Plaintiff or anyone else.

119.   **5th Federal Question**: Does sovereign immunity exist to create a class based, invidiously, and discriminatory animus superiority where a group of individuals, such as the captioned defendants, can openly violate and deprive Carlene of constitutionally protected rights? Plaintiff contends, no.

Therefore, the Plaintiff is entitled to injunctive relief to enjoin Defendants from enforcing unconstitutional actions against Carlene or anyone else.

**WHEREFORE,** Carlene demands judgment for declaratory and injunctive relief against all Defendants together with such other relief as the Court may deem reasonable and just under the circumstances.

## COUNTS

### Count One: 42 USC 1983 claim 4th amendment violation (all Defendants)

Plaintiff realleges, restates, and incorporates by reference restates the allegations in the foregoing jurisdictional and factual allegations from 1 through 116.

120.   At all times relevant herein Carlene had a right under due process and equal protection clauses of the state and federal constitutions not to be deprived of her constitutionally protected interest in property.

121.   Defendants, while on duty and clothed with the authority of the State, acted under color of law by way of employment and licensing, initiated foreclosure action with which deny Carlene's rights, privileges, or immunities secured by federal law and guaranteed by the Fourth, Fifth, Sixth, and Fourteenth amendments to the Constitution of the United States.

122.   The Supreme court of the United States has long held that it is against public policy to make people homeless.

123.   As a direct and proximate result of the Defendants concerted, unlawful, and malicious conduct, Carlene was deprived of her rights to equal protection under the law, due process of law, her inviolable right to personal autonomy, right to property, and the due course of justice was impeded in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and title 42 U.S.C § 1983

**"Private persons, jointly engaged with state officials in the challenged action, are acting under color of law for purposes of Section 1983 actions". Dennis v. Sparks. 449 U.S 24, 27-28 (1980)**

124.   At all times material to this case, all Defendants used the quasi-judicial foreclosure process to deprive Carlene of her property, though the record does not reflect Carlene to be

among the classes of persons enumerated by the statutes, neither has she consented to be sued in this forum.

125.    The 4th amendment secures the right for the people to be secure in their persons, **houses,** ... acts and omission by all Defendants to deprive Carlene of her lawful possession of subject property without "just compensation" is inconsistent with provisions of the Constitution and violates Carlene's rights secured by the 4th and 6th amendments in that Carlene was deprived of the right to face an accused or competent witness to testify with personal knowledge of relevant facts and to be crossed examined.

126.    Wherefore Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

### Count Two: Abuse of Process (Against (all) Defendants)

"Simply, abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order." Id. (citing Robb v. Chagrin Lagoons yacht Club, 75 Ohio St. 3d 264 (1996)).

127.    On or about 08/25/2022, "Kathleen" filed a complaint on behalf of "the servicer" in the SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION GLOUCESTER COUNTY.

128.    On the caption, the title purports to be "civil action complaint" (hereinafter "instrument").

129.    The instrument purports to be a process to foreclosure on a real property for which no record exists to support said property is among the classes of property qualified or is eligible for foreclosure.

130.    The filing of the civil action is improper because the property does not fit the description of the classes of property eligible for foreclosure.

131.    The record is absent evidence to support the federal government has ever acquired jurisdiction over the land/subject property.

132.    The record reflects Carlene was not among the classes of <u>persons</u> eligible for a real estate loan.

133.    The record reflects Carlene was not among the classes of persons qualified to execute a note.

134.    The process is being used to steal Carlene's property through either a quasi-judicial, administrative proceeding.

135.    The proceeding has been perverted to attempt to accomplish an ulterior purpose of which it was not designed.

136.    Carlene is not an unregulated or regulated entity to be sued.

137.    This process is absent the necessary elements to prove a claim which makes it deficient.

138.    The deficiencies make the process legally unenforceable against Carlene.

139.    Carlene alleges and restates the foregoing jurisdictional and general factual allegations.

140.    All Defendants use State statutes to deprive Carlene of constitutionally protected rights against the legislative intent of the State and federal statutes on ending homelessness.

141.    As a result, Carlene is gripped with panic and worry of herself and her family being made homeless.

142.    As a direct and proximate result of all Defendants acts and omissions, Carlene sustained actual damage for depression and anxiety and had to seek medical attention on several occasion.

Wherefore Carlene moves this court to enter a judgement against Defendants jointly and severally together and grant relief as the court may deem equitable and just.

### Count Three: Identity Theft plead (Against all Defendants)

143.    Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations 1 through 142.

144.   Defendants jointly, without lawful authority, knowingly use Carlene's name and mailing address claiming to act on behalf of Plaintiff by opening up an account/case number F-008917-22.

145.   In order to open an account using Carlene's name, Title 26 U.S. Code 6903 requires Defendants to: "Upon notice to the Secretary that any person is acting for another person in a fiduciary capacity, such fiduciary shall assume the powers, rights, duties, and privileges of such other person.

146.   Pursuant to 26 CFR 301.6903-1(a) Every person acting for another person in a fiduciary capacity shall give notice thereof to the district director in writing.

147.   The record does not reflect that such requirements of Title 26 U.S. Code 6903 or 26 CFR 201.6903-1 were met.

148.   Defendants, "Kathleen" and "the servicer" have done these acts to steal Carlene's property and for the purpose of self-enrichment.

### Count Four: Negligent Infliction of Emotional Stress

149.   All natural person Defendants knew or should have known as reasonable men and women, the duties we each have towards one another as members of society.

150.   All natural person Defendants breached their duty as reasonable men and women by recklessly and callously identifying themselves as superior people in a Sovereign class, above the law of the United States, thereby inflicting severe emotional distress, and mental anxiety caused by Defendant's negligent actions.

151.   Carlene has had to digest a lifetime's worth of legal knowledge which have resulted in increased expenses that were not scheduled, sleep loss, weight loss, migraines, time away from her family, etc. due to the mental and emotional distress caused by all Defendants' negligent actions.

WHEREFORE, Carlene demands judgment, including interest, against Defendants in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

### Count Five: Violation of FDCPA "the debt collector"

Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

**Harassment or abuse 15 USC 1692d**

152.    Defendant, "the debt collector", between April 26th and May 15th 2023 on several instances, did make several calls to Carlene's telephone without consent, in connection with the collection of an alleged debt that is associated with the foreclosure complaint against Carlene in the Gloucester County Court.

**15 U.S. Code § 1692c - Communication in connection with debt collection**

153.    The "debt collector" had no legal or lawful right to have sent correspondences about a debt to Carlene, absent of record of prior express consent given directly to the "debt collector", or permission from a court of competent jurisdiction authorizing the communication about a debt.

**15 U.S. Code § 1692k - Civil liability**

154.    The "debt collector" fails to comply with any provision of this subchapter. Therefore, Plaintiff moves this court to enter a judgment against the "debt collector" and award actual, punitive and statutory damages of $3,000.00 which arises as a result of "the debt collector" acts and/or omissions cause Carlene to be deprived sleep and to be on medication with constant anxiety that several companies are attempting to make Carlene homeless.

### REQUEST FOR RELIEF

WHEREFORE, Carlene prays and seeks redress for grievances in which this Court can grant relief:

1.    Assume Jurisdiction over this action.

2.    Enter a preliminary injunction enjoining Defendants, their agents, officials, servants, employees, and all persons in active concert or participation with them from applying any further action, so as to prevent the violation of constitutionally protected rights without due process of law.

3. Award Carlene costs for litigation, including reasonable attorney's fees and expenses.

4. Carlene demands actual damages in the amount of $250.00 per minute from the "The servicer" for time seized from Carlene during the violation of her constitutionally protected rights. Jury shall determine the actual time.

5. Carlene demands remuneration for actual damages in the amount of $43,032.00 dollars for time spent learning how to plead a case, travel, and subscription fees for paralegal training course and Jurisdictionary.

| | | |
|---|---|---|
| a. | $125.00 hourly rate each @ 200 hours is | $50,000.00 |
| b. | Paralegal Course | $1,500.00 |
| c. | Jurisdictionary Course | $250.00 |
| d. | Process Server | $400.00 |

6. Carlene demands punitive damages in the amount of $7,300.00 from Defendant "Kathleen" for the mental and emotional stress caused to Carlene.

7. Plaintiff demands punitive damages from Defendant "the servicer" in the amount of $5,500,000.00 for the arbitrary, capricious, and unreasonable deprivation of rights guaranteed and secured by the United States Constitution.

8. Plaintiff requests that the property deed is removed from the court registry.

9. Plaintiff requests that all liens be removed from the property.

WHEREFORE, Plaintiff demands judgment for actual and punitive damages against all Defendants together with such other relief as the Court may deem reasonable and just under the circumstances.

Dated this 17th day of May, 2023

Respectfully submitted,

By: _____

23

## VERIFICATION

I declare the foregoing is true and correct and with firsthand knowledge under penalty of the

laws of God [Cf. 28 USC 1746(1)]

Executed the 17th day of May, Year of our Creator 2023

Respectfully,

By: Carl

Carlene McPhillip

Alleged 17th day of the fifth month two thousand twenty three

24