Michael C. Mulè, Esq.
Joseph M. Labuda, Esq.
MILMAN LABUDA LAW GROUP PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
*Attorneys for Defendant Allied First Bank SB dba Servbank*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLENE MCPHILLIP,<br><br>                Plaintiff,<br><br>        -against-<br><br>KATHLEEN M. MAGOON (PRIVATE CAPACITY)<br>ROBERT G. MALESTEIN (PRIVATE CAPACITY)<br>NATIONSTAR MORTGAGE LLC DBA MR.<br>COOPER, ALLIED FIRST BANK, SB DBA<br>SERVBANK,<br><br>                Defendants. | Civil Action No. 1:23-cv-02663-RMB-EAP |

## DEFENDANT ALLIED FIRST BANK SD dba SERVBANK'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO FED F. CIV. P. 12(b)(1) AND FED R. CIV. P. 12(b)(6)

## <u>TABLE OF CONTENTS</u>

**PRELIMINARY STATEMENT** ................................................................................................ 1

**STATEMENT OF RELEVANT FACTS** ................................................................................ 3

**STANDARD ON MOTION TO DISMISS** ............................................................................ 4

**LEGAL ARGUMENT** .............................................................................................................. 5

    **I.**      **THE COURT SHOULD DECLINE JURISDICTION UNDER THE COLORADO RIVER DOCTRINE** ............................................................................... 5

    **II.**     **PLAINTIFF'S COMPLAINT FAILS, IN ANY EVENT, TO STATE A CLAIM** ..... 7

    A.    The Amended Complaint Fails To State A Claim Against Servbank Under 42 U.S.C. §1983 And the Fourth Amendment Because Servbank Is Not A State Actor ............................ 7

    B.    The Amended Complaint Fails To State A Claim Against Servbank For Abuse of Process 10

    C.    The Amended Complaint Fails To State A Claim Against Servbank For Identity Theft Pursuant to 26 U.S.C. §6903 ....................................................................................................11

    D.    The Amended Complaint Fails To State A Claim Against Servbank For Negligent Infliction of Emotional Distress ................................................................................................ 12

    E.    The Amended Complaint Fails To State A Claim Against Servbank Based on the Fair Debt Collection Practices Act ................................................................................................... 15

    **CONCLUSION** ...................................................................................................................... 18

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ........................................................................ 5

Bank of NY Mellon v. Walch, No. 15-724, 2017 U.S. Dist. LEXIS 67112 (D.N.J. May 3, 2017) ................................................................................................................................... 11

Belfi v. USAA F.S.B., No. 22-2083, 2022 U.S. Dist. LEXIS 161378 (E.D. Pa. Sep. 7, 2022) .... 16

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ................ 5

Carroll v. Bank of Am., N.A., No. 1:12-CV-02506, 2013 U.S. Dist. LEXIS 44236 (N.D. Ga. Mar. 28, 2013) ..................................................................................................... 16

Casa Bella Luna, LLC v. Gov't of United States V.I., No. 2022-cv-15, 2023 U.S. Dist. LEXIS 40426 (D.V.I. Feb. 8, 2023) ................................................................................... 6

Castro v. Atl. County, No. 1:15-cv-02041, 2018 U.S. Dist. LEXIS 106129 (D.N.J. June 25, 2018) ................................................................................................................................... 10

Central Penn Nat'l Bank v. Stonebridge, Ltd., 185 N.J. Super. 289  A.2d 498 (N.J. Super. Ct. Ch. Div. 1982) ................................................................................................................ 11

Colorado River and Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, S. Ct. 927 L. Ed. 2d 765 (1983) ................................................................................................... 6

Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) ............................................................................................................ 5

Deutsche Bank Natl. Trust Co. v. Cothran, No. 12-245, 2012 U.S. Dist. LEXIS 75921 (D.N.J. May 31, 2012) ...................................................................................................... 15

Duquesne Light Co. v. Westinghouse Elec. Co., 66 F.3d 604 (3d Cir. 1995) ............................. 14

Earnest v. Lowentritt, 690 F.2d 1198 (5th Cir. 1982) ......................................................... 9

Fischer v. Maloney, 43 N.Y.2d 553 N.E.2d 1215 (1978) ................................................... 13,17

G.D. v. Kenny, 411 N.J. Super. 176 A.2d 921 (N.J. Ct. App. Div. 2009) ................................... 13

Groman v. Twp. of Manalapan, 47 F.3d 628 (3d Cir. 1995) ................................................... 8

Harris v. Fein, Such, Kahn & Shepard, No. 2:20-cv-01574, 2021 U.S. Dist. LEXIS 11089 (D.N.J. Jan. 21, 2021) ....................................................................................................... 15

HC2, Inc. v. Delaney, 510 F. Supp. 3d 86 (S.D.N.Y. 2020) ................................................... 13

Hebrew Inst. for Deaf & Exceptional Children v. Kahana, 21 Misc. 3d 1107[A], 873 N.Y.S.2d 234 2008 NY Slip Op 52001[U] [(N.Y. Sup. Ct., Kings Cnty. 2008) ................................................ 13

Hedges v. Musco, 204 F.3d 109 (3d Cir. 2000) ................................................................. 7

Henson v. Santander Consumer USA Inc., 137 S. Ct. 1718 198 L. Ed. 2d 177 (2017) ............ 3, 16

Ingersoll-Rand Fin. Corp. v. Callison, 844 F.2d 133 (3d Cir. 1988) ........................................ 6

Kellner v. Amazon, No. 22-01124, 2023 U.S. Dist. LEXIS 30626 (D.N.J. Feb. 23, 2023) ........ 3,5

Krugman v. Mazie Slater Katz & Freeman, LLC, No. A-2611-13T3, 2015 N.J. Super. Unpub. LEXIS 962 (N.J. Super. Ct .App. Div. Apr. 27, 2015) ................................................................. 13

Lentz v. Taylor, No. 19-1756, 2021 U.S. App. LEXIS 32868 (3d Cir Nov. 4, 2021) ..................... 8

Lugar v. Edmondson Oil Co., 457 U.S. 922 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982) ................ 8

Maker v. Baumeister & Samuels, P.C., No. 22-cv-02054, 2022 U.S. Dist. LEXIS 192332 (D.N.J. Oct. 21, 2022) ............................................................................................................ 5

Marx v. General Revenue Corp., 133 U.S. 1166 (2013). ................................................... 15

McCray v. Unite Here, No. 13-6540, 2014 U.S. Dist. LEXIS 96297 (D.N.J. July 16, 2014) ...... 12

Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 97 S. Ct. 568 L. Ed. 2d 471 (1977). ...................................................................................................................................................... 4

Naprstek v. Ditech Fin. LLC, No. 18-cv-11442, 2022 U.S. Dist. LEXIS 127633 (D.N.J. July 19, 2022) ................................................................................................................................................ 13

Nesbit v. Gears Unlimited, Inc., 347 F.3d 72 (3d Cir. 2003) ........................................................ 4

Obduskey v. McCarthy & Holthus LLP, 139 S. Ct. 1029 203 L. Ed. 2d 390 (2019) .................... 16

Perez v. JP Morgan Chase Bank N.A., No. 14-cv-2279 U.S. Dist. LEXIS 173205 (D.N.J. Sep. 26, 2022) ................................................................................................................................................ 7

Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008) ...................................................... 5

Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379 (3d Cir. 2000) ................................................ 15

Purpura v. JP Morgan Chase, No. 16-3765, 2018 U.S. Dist. LEXIS 65167 WL 1837952 (D.N.J. Apr. 18, 2018) ............................................................................................................................... 15

Raciti v. Rushmore Loan Mgmt. Servs., LLC, 412 F. Supp. 3d 462 (D.N.J. 2019) ..................... 16

Radcliff v. Radcliff, No. 20-3669, 2020 U.S. Dist. LEXIS 227885 (D.N.J. Dec. 4, 2020) ............ 7

Rinaldi v. United States, 904 F.3d 257 (3d Cir. 2018) ................................................................... 5

Rycoline Prod., Inc. v. C & W Unlimited, 109 F.3d 883 (3d Cir. 1997) ........................................ 6

Salley v. Rodriguez, No. No. 07-4914, 2008 U.S. Dist LEXIS 779 (D.N.J. Jan. 3, 2008) ............. 9

Sanders v. Jersey City, No. 18-1057, 2021 U.S. Dist. LEXIS 78681, 2021 WL 1589464 (D.N.J. Apr. 23, 2021) ............................................................................................................................... 13

Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007) ....................................................................... 5

Schering Plough Corp Intron/Temodar Consumer Class Action, 678 F.3d 235 (3d Cir. 2012)...... 4

Swope v. Northumberland Natl. Bank, 625 Fed. App'x 83 (3d Cir 2015) ..................................... 9

Tepper v. Amos Fin., LLC, 898 F.3d 364 (3d Cir. 2018) .............................................................. 15

Tobing v. Parker McCay, P.A., No. 17-474, 2018 U.S. Dist. LEXIS 71639 2018 WL 2002799 (D.N.J. Apr. 30, 2018)................................................................................................................... 18

Univ. of Maryland at Baltimore v. Peat Marwick Main & Co., 923 F.2d 265 (3d Cir. 1991) ........ 5

Vasilopoulos v. Dolin, No. 09-072, 2009 U.S. Dist. LEXIS 39279 (D.N.J. May 8, 2009) .......... 13

Wilson v. RoundPoint Mtge. Servicing Corp., No. 21-19072, 2022 U.S. Dist. LEXIS 157123 (D.N.J. Aug. 31, 2022) ................................................................................................................. 14

Zebrowski v. Wells Fargo Bank, N.A., 657 F. Supp. 2d 511 (D.N.J. 2009) ................................. 9

## Statutes

15 U.S.C. §1692 ................................................................................................................. 2, 14, 15

18 U.S.C. § 1028 ............................................................................................................................ 12

26 U.S.C. §6903 ......................................................................................................................... i, 11

28 U.S.C. §1367(C)(3) .................................................................................................................... 7

42 U.S.C. §1983 ...................................................................................................................... i, 1, 7

FDCPA, 15 U.S.C. §1692 ............................................................................................................. 14

Fed. R. Civ. P. 12(b)(1) .................................................................................................................. 1

Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ........................................................................................... 1

## Rules

Rule 12(b)(1) ................................................................................................................................... 4

Rule 12(b)(6) ............................................................................................................................... 4, 5

## Regulations

N.J.S.A. § 2C:21-17.4(a) .............................................................................................................. 12

## **PRELIMINARY STATEMENT**

Defendant Allied First Bank SB d/b/a Servbank ("Servbank") submits this memorandum of law in support of its motion to dismiss the complaint of Plaintiff Carlene McPhillip ("Plaintiff or "McPhillip") pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

This is a tactical litigation by Plaintiff, serving the admitted purpose of a "collateral attack" by her with respect to a foreclosure action pending in the Superior Court of New Jersey, Chancery Division, Gloucester County in which McPhillip is a defendant. Servbank was recently substituted in as the plaintiff in that foreclosure action in place of co-defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") who started that action.

For the reasons set forth below, it is respectfully submitted that this Court should decline to exercise jurisdiction under the *Colorado River* doctrine pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6). In any event, the First Amended Complaint ("Am. Complaint"), filed in the action on June 28, 2023, fails to state a claim upon which relief may be granted. In this regard, the Am. Complaint purports to assert five counts against the defendants. Assuming each of these counts was meant to be asserted against Servbank,[1] no cognizable claim has been pleaded.

In Count One, Plaintiff attempts to assert a Constitutional claim pursuant to 42 U.S.C. §1983 ("§1983 Claim") against Servbank, but a §1983 Claim may only be pursued against a "state actor" and the Am. Complaint, among other failures, fails to plead facts from which it may be plausibly inferred that Servbank is a "state actor."

In Count Two, Plaintiff attempts to assert an "abuse of process" claim, but the Am. Complaint fails to plead facts to support a single element necessary to support such a claim.  For

---

[1] Because the Am. Complaint is not clear as to the parties against whom each claim is asserted, it has been assumed that Plaintiff meant to assert each count against all defendants.

1

example, an abuse of process claim requires the plaintiff to plead facts from which it may plausibly be inferred that the underlying complaint, here, the complaint in the foreclosure action, was filed for some improper motive, *i.e.*, that it was not commenced for purposes of foreclosing on a mortgage. With the exception of conclusory allegations speculating that the foreclosure action was commenced to deprive Plaintiff of constitutional rights, there are no facts alleged from which it may plausibly be inferred that Servbank (or Servbank's predecessor, Nationstar) commenced the action for any improper purpose.

In Count Three, Plaintiff attempts to assert some type of "identity theft" claim based on the use of Plaintiff's name in the foreclosure action caption. There is simply no basis in law for such a claim.

Count Four purports to assert a negligent infliction of emotional distress claim, but the Am. Complaint fails to establish any of the elements for such a claim. First, to the extent that Plaintiff claims that the filing of the foreclosure action caused emotional distress, even assuming defendants owed any duty of care to Plaintiff, it is well-established that the filing or prosecution of an ordinary legal action (one that is not, for example, an abuse of process) cannot constitute "outrageous, extreme, atrocious or intolerable action" which is an essential element for a viable negligent infliction claim. Moreover, based on the contractual relationship between the parties, a negligent infliction claim is barred under the economic loss doctrine.

Finally, Count Five purports to assert a claim based on an alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.* In short, the Am. Complaint appears to allege that Servbank is a "debt collector" [2] within the meaning of the FDCPA and that it failed to comply with that act. However, the Am. Complaint concedes that Servbank took over the

---

[2] The Am. Complaint does not refer to Servbank by name but defines Servbank as a "debt collector."

servicing of Plaintiff's mortgage loan, including the right to collect payments for itself.  Since the Supreme Court decision in *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721, 198 L. Ed. 2d 177 (2017), it is established law that a servicer, such as Servbank which takes over the servicing of mortgage loans including the right to collect payments on its own account, and not for another, is a creditor, not a "debt collector," and does not fall within the confines of the FDCPA.

As explained further below, all of Plaintiff's claims fail as a matter of law.  Accordingly, the Am. Complaint should be dismissed in its entirety, with prejudice.

## STATEMENT OF RELEVANT FACTS

Servbank is a private regional bank headquartered in Oswego, Illinois.  *See* https://www.linkedin.com/company/servbank/about/.

McPhillip executed a note for the sum of $238,598 (the "Loan"), secured by a mortgage (the "Mortgage"), on November 29, 2017 (Dkt. 16-2). McPhillip defaulted by failing to make the April 1, 2020 monthly mortgage payment, and a foreclosure complaint ("Foreclosure Complaint") was filed in the Superior Court of New Jersey, Chancery Division, Gloucester County on August 25, 2022. (Ex. "B," the "Foreclosure Action").[3]  McPhillip ultimately answered the Foreclosure Complaint in March 2023. (Ex. "C").

In this action, the Am. Complaint makes the conclusory allegation that Servbank is a "debt collector." (Dkt. 14, Ex. "A", ¶7).[4] Critically, however, the Am. Complaint also admits the "'servicing of [Plaintiff's] mortgage loan, that is the right to collect payments from [Plaintiff, was] transferred from Mr. Cooper [*a/k/a* Nationstar] to Allied First Bank, sb Servbank'". (*Id.*, ¶94). The

---

[3] As to filings in the Foreclosure Action, "[i]t has long been true that the Court may take judicial notice of judicial proceedings and opinions" at the motion to dismiss stage. *Kellner v. Amazon*, No. 22-01124, 2023 U.S. Dist. LEXIS 30626, at *10 (D.N.J. Feb. 23, 2023) (citations omitted).

[4] Facts are, generally, taken from the First Amended Complaint ("Am. Complaint," Dkt. 14) filed in the action on June 28, 2023.  The allegations in the Am. Complaint are accepted as true for purposes of this motion to dismiss only. Unless otherwise stated, exhibits are annexed to the accompanying August 7, 2023 Declaration of Michael C. Mulè.

Am. Complaint continues: "'The servicer' [Nationstar] has transferred the servicing and the right to collect payments to ALLIED FIRST BANK, SB dba SERVBANK effective April 20, 2023." *Id.* As set forth below, this allegation actually establishes that Servbank is a "creditor," not a debt collector, who is not subject to the provisions of the FDCPA.

From April 20, 2023, Servbank commenced servicing Plaintiff's Loan and acquired the right to receive monthly mortgage payments from Plaintiff for its own account. The Am. Complaint appears to allege that Servbank was a debt collector, rather than a servicer action on its own behalf.

In accordance therewith, by Order dated July 21, 2023, Servbank was substituted as Plaintiff in the Foreclosure Action in place of Nationstar. (Ex. "D").

## <u>STANDARD ON MOTION TO DISMISS</u>

Dismissal pursuant to Rule 12(b)(1) is appropriate if the court lacks subject-matter jurisdiction over a claim. *In re: Schering Plough Corp Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977). A necessary corollary is that the court can raise *sua sponte* subject-matter jurisdiction concerns." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003).[5]

---

[5] The law is unclear on whether subject matter jurisdiction challenges under the abstention doctrine (*see* discussion of Colorado River doctrine below) are more appropriately brought under Rule 12(b)(6) or Rule 12(b)(1). *See, e.g., Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 745 (3d Cir. 1982) (summarily characterizing dismissal on abstention grounds as "in the nature of a dismissal under Fed. R. Civ. P. 12(b)(6)"); 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1350 (3d ed. 2004) (nothing that "the scope of Rule 12(b)(1) is flexible, often serving as a procedural vehicle for raising various residual defenses" including abstention). Under either standard, dismissal should be granted.

In reviewing a Rule 12(b)(6) motion to dismiss, the court must "accept the facts" set forth in the complaint and draw all reasonable inference in favor of the non-moving party. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). In addition, "Court may take judicial notice of judicial proceedings and opinions." *Kellner v. Amazon,* No. 22-cv-01124, 2023 U.S. Dist. LEXIS 30626, *10 (D.N.J. Feb. 23, 2023); *Maker v. Baumeister & Samuels, P.C.*, No. 22-cv-02054, 2022 U.S. Dist. LEXIS 192332, at *31 n.8 (D.N.J. Oct. 21, 2022); *see also, e.g.*, *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). Also, the court may consider "indisputably authentic documents …without converting [a motion to dismiss] to a motion for summary judgment …." *Rinaldi v. United States*, 904 F.3d 257, 261 (3d Cir. 2018). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations and quotations omitted). The complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Id.*, 550 U.S. at 570. "Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, dismissal is required where the complaint lacks factual allegations sufficient to plausibly state a claim.

## **LEGAL ARGUMENT**

## I.  **THE COURT SHOULD DECLINE JURISDICTION UNDER THE COLORADO RIVER DOCTRINE**

It is fundamental that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). However, federal courts may abstain "from the

exercise of federal jurisdiction" (*id.* at 813) in "exceptional and narrow situations" (U*niv. of Maryland at Baltimore v. Peat Marwick Main & Co.*, 923 F.2d 265, 276 (3d Cir. 1991)), such as where there are "parallel state and federal litigations that are truly duplicative" (*Rycoline Prod., Inc. v. C & W Unlimited*, 109 F.3d 883, 890 (3d Cir. 1997) (internal quotation marks and citations omitted)). "When the two cases fit this requirement, the district court, in its discretion, may abstain" so long as "the several Colorado River factors clearly weigh in favor of abstention." *Rycoline Prod., Inc.*, 109 F.3d at 890. *See also, Casa Bella Luna, LLC v. Gov't of United States V.I.*, No. 2022-cv-15, 2023 U.S. Dist. LEXIS 40426, *21 (D.V.I. Feb. 8, 2023).

To determine whether there are "extraordinary circumstances" warranting abstention, a district court must consider the six factors set forth in *Colorado River* and *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983): (1) whether either court has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) avoidance of piecemeal litigation, (4) the order in which the courts obtained jurisdiction, (5) which forum's substantive law governs the merits of the litigation, and (6) the adequacy of the state forum to protect the parties' rights. *Ingersoll-Rand Fin. Corp. v. Callison*, 844 F.2d 133, 136 (3d Cir. 1988). "No one factor is necessarily determinative," and therefore, the court must exercise its "carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise." *Colorado River*, 424 U.S. at 818.

These factors weigh heavily in favor of abstention. As an initial matter, the very first paragraph of the Complaint states that it is a "collateral attack for misconduct/acts and omissions related to" the Foreclosure Action. (Ex. "A," ¶1). As to the factors, one, in the Foreclosure Action, the Superior Court of New Jersey has exercised jurisdiction over the claims and counterclaims (which are substantially verbatim to the Complaint here). The second factor is not significant for

either forum. As to the third factor, abstention would avoid piecemeal litigation, duplicative proceedings and inconsistencies. *Perez v. JP Morgan Chase Bank N.A.*, No. 14-cv-2279, 2022 U.S. Dist. LEXIS 173205, at *15 (D.N.J. Sep. 26, 2022). As to the fourth factor, the Foreclosure Action was commenced first. The fifth factor strongly favors abstention because Plaintiff is seeking to defend against foreclosure which arises under state law, and as set forth below, her purported claims under federal law fail as a matter of law. *Id.* (noting that the "foreclosure of a property in New Jersey" implicates "an important state interest"). Similarly, the sixth and last factor strongly favors abstention because the state forum can adequately protect Plaintiff's interests in the Foreclosure Action. *Perez*, 2022 U.S. Dist. LEXIS 173205, at *17 (in an action arising out of a mortgage loan, finding that "only state law applies because all the claims in this Action arise under New Jersey state law" and that it is "well known that state courts routinely handle actions regarding property including all claims and defenses asserted in foreclosure actions"). Thus, the Court should decline jurisdiction over this matter pursuant to the *Colorado River* doctrine.

## II.   PLAINTIFF'S COMPLAINT FAILS, IN ANY EVENT, TO STATE A CLAIM

The Complaint does not allege facts sufficient to state any plausible claim against Servbank.[6]

### A.   The Amended Complaint Fails To State A Claim Against Servbank Under 42 U.S.C. §1983 And the Fourth Amendment Because Servbank Is Not A State Actor

As an initial matter, it does not appear that this Count of the Am. Complaint is directed at Servbank because it refers to the "servicer" which it defined as Nationstar. (Ex. "A", ¶6).

---

[6] The Counts in the Am. Complaint are addressed *in seriatim*. However, the Court need not even address the claims based in state law.  This is so because Plaintiff's federal claims fail, and accordingly, the Court should decline to exercise supplemental jurisdiction. *See* 28 U.S.C. §1367(C)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000); *Radcliff v. Radcliff*, No. 20-3669, 2020 U.S. Dist. LEXIS 227885, at *24-25 (D.N.J. Dec. 4, 2020).

Nevertheless, assuming the Am. Complaint was meant to assert a claim against Servbank based on 42 U.S.C. §1983 ("§1983"), it fails to do so.

> As stated in *M.J.G. v. Sch. Dist. of Phila.*, 774 F. App'x 736, 741 (3d Cir 2019):
>
> To recover under § 1983, a plaintiff must show that the defendants (1) were state actors who (2) violated his rights under the Constitution or federal law. … To make a state actor determination, we ask whether the alleged infringement of federal rights is fairly attributable to the State.

*Id.* (internal quotation marks, brackets and citations omitted). *See also*, *Lentz v. Taylor*, No. 19-1756, 2021 U.S. App. LEXIS 32868, at *5 (3d Cir Nov. 4, 2021) (same).

As to the first prong, it is fundamental that to recover against a defendant under a §1983 claim, a plaintiff must establish that the defendant acted under "color of [state] law" to deprive her of a right secured by the federal Constitution or laws. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). Section 1983 does not create substantive rights; rather, it provides an avenue of recovery for the deprivation of established federal constitutional and statutory rights. *Id.* at 633. "The color of state law element is a threshold issue; there is no liability under §1983 for those not acting under color of law." *Id.* at 638. The color of state law element in a §1983 action requires that "the conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). For the conduct to be "fairly attributable" to the State, (1) the deprivation must be caused by (a) the exercise of some right or privilege created by the State, or (b) by a rule of conduct imposed by it or by a person for whom the State is responsible, and (2) the defendant must be a person who may fairly be said to be a state actor, either because the person (a) is a state official, (b) acted together with or has obtained significant aid from state officials, or (c) performed conduct otherwise chargeable to the State. *Id.*

The Am. Complaint fails to plead facts plausibly alleging that Servbank is a state actor. Rather, the Am. Complaint alleges that "the servicer … is organized under the laws of the United States," that the "servicer" committed "illegal foreclosure" and "illegal acts of conducting foreclosure," and that "unlawful acts …will lead to an eviction … [,] depriv[ing her of her right to be] free from illegal seizure …." (Ex. "A", ¶¶ 127-31). While not clearly articulated, the Am. Complaint appears to contend that the fact that the bank is subject to government regulations and "use[s] State statutes" to prosecute its foreclosure rights, it should be deemed a "state actor." (Ex. "A", ¶¶ 17, 20-21, 28-48, 80, 95-101, 130-31, 154) (referring to various statutes and regulations). This is contrary to the law.

It is fundamental that "a bank's use of a state foreclosure process will not ordinarily constitute a § 1983 violation." *Swope v. Northumberland Natl. Bank*, 625 Fed. App'x 83, 86 (3d Cir 2015) (citations omitted). "To reach '[a]ny other conclusion would transform every foreclosure action between private parties into state action of constitutional dimensions.'" *Id.* at 87 (*quoting Earnest v. Lowentritt*, 690 F.2d 1198, 1202 (5th Cir. 1982)). *See also, e.g.*, *Zebrowski v. Wells Fargo Bank, N.A.*, 657 F. Supp. 2d 511, 522 (D.N.J. 2009) (same); *Salley v. Rodriguez*, No. No. 07-4914, 2008 U.S. Dist LEXIS 779, at *12 (D.N.J. Jan. 3, 2008) (dismissing §1983 action against bank and observing that "even if the Court were to factor in the consideration that any bank, including Wachovia, is a creature of legislature, and all powers a bank can lawfully exercise are prescribed by its charter and by statute, this generalized consideration applicable to all financial institutions in the United States would not render the decision by the Newport Office to terminate Plaintiff's Wachovia account a 'state action'"). The Third Circuit in *Swope*, thus, affirmed dismissal of a §1983 claim against a bank, finding that the complaint's "conclusory allegations, unmoored from any specific factual assertions supporting state action, cannot state a § 1983 claim." *Id.*at 86. Here,

as in the above-cases, the Am. Complaint makes similar conclusory allegations that do not state a plausible claim that the "servicer" is a state actor, requiring dismissal of her §1983 claim. But, in addition, Plaintiff fails to plead any violation of her Constitutional rights in any event.

In this regard, the Am. Complaint merely concludes that the servicer's use of state statutes "deprives Carlene of … constitutionally protected rights." (Ex. "A", ¶¶ 127-31). *Castro v. Atl. County*, No. 1:15-cv-02041, 2018 U.S. Dist. LEXIS 106129, at *14 (D.N.J. June 25, 2018) (dismissing §1983 claim because complaint allegations were "conclusory and lack any specificity as to how each of these Defendants acted to violate Plaintiff's constitutional rights").

Accordingly, the First Count should be dismissed as a matter of law.

**B. The Amended Complaint Fails To State A Claim Against Servbank For Abuse of Process**

As stated in *Zebrowski*:

> To prove Defendant committed the tort of abuse of process, Plaintiffs must demonstrate Defendant's: (1) ulterior motive; and (2) further act after the issuance of process representing the perversion of the legitimate use of the process.… Such perversion exists where the process is used to coerce or oppress the plaintiff or the process is used in a manner not contemplated by law…. Further, where there is a genuine issue as to whether a defendant's further acts were maliciously intended as an abuse of process, the plaintiff may demonstrate that the defendant had secured issuance of the process without reason or probable cause as evidence that his ultimate intent was to use it for a purpose ulterior to the one for which it was designed. ... Moreover, the ulterior motive can be inferred from the improper act…. If the act is proper, however, the motive is immaterial. … The improper further act is crucial, as in the absence of some coercive or illegitimate use of the judicial process, there can be no claim for its abuse….

*Id.*, 657 F. Supp. 2d at 517 (citations, footnotes, brackets and internal quotation marks omitted).

None of elements sufficient to state an abuse of process claim has been alleged against Servbank. First, there are no facts alleged to support any "ulterior motive." The Am. Complaint apparently concludes that the Foreclosure Action was commenced "for the ulterior purpose to deprive Plaintiff(s) of constitutionally protected rights to private non commercial, non income-

10

producing property ….” (Ex. “A,” ¶142). However, there is no predicate basis for this conclusion. It is fundamental that “‘[t]he purpose of a foreclosure action is to determine the right to foreclosure and the amount due on the mortgage, and to give the purchaser at the foreclosure sale the title and estate acquired by the mortgagee, as well as the estate of the mortgagor at the time the mortgage was executed, free from subsequent encumbrances.’” *Bank of NY Mellon v. Walch*, No. 15-724, 2017 U.S. Dist. LEXIS 67112, at *8 (D.N.J. May 3, 2017) (*quoting Central Penn Nat'l Bank v. Stonebridge, Ltd.*, 185 N.J. Super. 289, 448 A.2d 498, 504 (N.J. Super. Ct. Ch. Div. 1982) (citations omitted)). There are no facts alleged from which it may plausibly be inferred that the Foreclosure Action was commenced for any purpose other than that for which it was designed as described in *Walch*. In any event, Servbank certainly could not be found to have an “ulterior motive” as it did not even commence the action and was not even involved at all in the Foreclosure Action until it was substituted in as plaintiff a couple of weeks ago (Ex. “B”), after the mortgage was assigned to it. In addition, there is a complete absence of allegations that Servbank engaged in some “further act” after the issuance of process to pervert the legitimate use of process.

Accordingly, the Am. Complaint fails to plead a cognizable claim for abuse of process against Servbank.

C.  **The Amended Complaint Fails To State A Claim Against Servbank For Identity Theft Pursuant to 26 U.S.C. §6903**

It is puzzling why Plaintiff cites 26 U.S.C. §6903 in the Am. Complaint (Ex. “A”, ¶¶ 159, 161).  26 U.S.C. §6903 states in subparagraph (a) as follows:

> Upon notice to the Secretary that any person is acting for another person in a fiduciary capacity, such fiduciary shall assume the powers, rights, duties, and privileges of such other person in respect of a tax imposed by this title (except as otherwise specifically provided and except that the tax shall be collected from the estate of such other person), until notice is given that the fiduciary capacity has terminated.

*Id.* Subparagraph (b) refers to the manner of notice. In short, 26 U.S.C. §6903 provides no authority for a claim of "identity theft."

In addition, the Am. Complaint cites that section with respect to "open[ing] an account using Carlene's name" (Ex. "A", ¶159). What Plaintiff meant by this allegation is anyone's guess. However, in any event, there is no cause of action based on 26 U.S.C. §6903.

Regardless of what Plaintiff meant to express, there is simply no viable federal claim as a matter of law.  If Plaintiff meant to assert a claim for federal identity theft pursuant to 18 U.S.C. § 1028, that fails because 18 U.S.C. § 1028 is a criminal statute with no private right of action.  *See, e.g.*, *McCray v. Unite Here*, No. 13-6540, 2014 U.S. Dist. LEXIS 96297, at *25 (D.N.J. July 16, 2014) (explaining that pro se plaintiff could not "assert a claim for identity theft under a federal criminal statute, [§ 1028,] as no private right of action exists").[7]

D.  The Amended Complaint Fails To State A Claim Against Servbank For Negligent
    Infliction of Emotional Distress

Plaintiff's claim for negligent infliction of emotional distress (Count Four) alleges that "[a]ll natural person Defendants …identify[] themselves as superior people in a Sovereign class, above the law of the United States …." (Ex. "A", ¶164). The claim also alleges that "Carlene has had to digest a lifetime's worth of legal knowledge which have resulted in increased expenses that were not scheduled, sleep loss, weight loss, migraines, time away from her family, etc. due to the mental and emotional distress caused by all Defendants' negligent actions." (Ex. "A", ¶165).

---

[7] Similarly, although only a purported federal claim is asserted, if Plaintiff meant to assert a state law claim, that, too, would fail. In this regard, New Jersey provides a private right of action, but it is limited to circumstances where the plaintiff can show criminal identity theft. *See* N.J.S.A. § 2C:21-17.4(a).  That statute is wholly inapplicable as it concerns "impersonat[ing] another" or "pretend[ing] to be a representative of" another or using "personal identifying information" to "obtain a benefit or services" or to "avoid … debt" or "prosecution. *Id.* No such factual allegations are contained in the Am. Complaint. To the extent the Am. Complaint alleges that "Carlene's name and mailing address" were used in connection with the filing of the Foreclosure Action (Dkt. 14, ¶158), there is no basis to conclude that Servbank "opened any account using Plaintiff's name," that it has "pretended" to be Plaintiff, and there is certainly no basis to conclude that the intendment of the New Jersey statute was meant to preclude from commencing foreclosure actions as that would be an absurd conclusion.

Nowhere does the complaint plead facts as to a single negligent act by Servbank. Moreover, to the extent that the Am. Complaint meant to claim that the Foreclosure Action and/or any steps taken by the bank to enforce its rights under the mortgage have been stressful to Plaintiff, that does not create a tort claim.

"To sufficiently plead a negligent infliction of emotional distress claim, a plaintiff must establish that: "(1) a duty of reasonable care was owed by the defendant[s] to the plaintiff, (2) that duty was breached, (3) the plaintiff suffered severe emotional distress, and (4) the breach was a proximate cause of injury." *Naprstek v. Ditech Fin. LLC*, No. 18-cv-11442, 2022 U.S. Dist. LEXIS 127633, at *22 (D.N.J. July 19, 2022) (*quoting Sanders v. Jersey City*, No. 18-1057, 2021 U.S. Dist. LEXIS 78681, 2021 WL 1589464, at *24 (D.N.J. Apr. 23, 2021) (*quoting G.D. v. Kenny*, 411 N.J. Super. 176, 984 A.2d 921, 933 (N.J. Ct. App. Div. 2009))). None of these elements are established.

As an initial matter, even assuming a duty of care, the filing or prosecution of an ordinary legal action cannot constitute "outrageous, extreme, atrocious or intolerable action" which is a *sine qua non* for a negligent infliction of emotional distress claim. *See, e.g.*, *Krugman v. Mazie Slater Katz & Freeman, LLC*, No. A-2611-13T3, 2015 N.J. Super. Unpub. LEXIS 962, at *19 (N.J. Super. Ct .App. Div. Apr. 27, 2015) (dismissing negligent infliction claim against a law firm that sued its former client because "the filing of that complaint under the circumstances we have described does not constitute the sort of outrageous, extreme, atrocious or intolerable action required for a claim of intentional infliction of emotional distress"); *Vasilopoulos v. Dolin*, No. 09-072, 2009 U.S. Dist. LEXIS 39279, at *1 (D.N.J. May 8, 2009) (dismissing emotional distress complaint predicated on allegations "that Defendant Charles Dolin made false statements against Plaintiff under oath").[8]

---

[8] Cases from nearby jurisdictions are even more clear. *See, e.g.*, *HC2, Inc. v. Delaney*, 510 F. Supp. 3d 86, 105 (S.D.N.Y. 2020) (observing that "[t]he filing of this lawsuit and the activities connected with it are ordinary litigation"

This is particularly so where, as here, plaintiff has failed to plead claims within the ambit of an abuse of process or a malicious prosecution claim (*supra*).

But, beyond that, Plaintiff cannot even establish that Defendants breached a duty of care owed to Plaintiff, or that she suffered severe emotional distress as a result of Defendants' conduct. First, Servbank, as the mortgage loan servicer, pursuant to the Assignment of Mortgage, merely has contractual obligations as set forth in the Mortgage. (Dkt. 16-2 at p. 28). It is fundamental that under the economic loss doctrine, Plaintiff is barred from "'recovering in tort economic losses to which their entitled only flows from a contract.'" *Wilson v. RoundPoint Mtge. Servicing Corp.*, No. 21-19072, 2022 U.S. Dist. LEXIS 157123, at *5 (D.N.J. Aug. 31, 2022) (*quoting Duquesne Light Co. v. Westinghouse Elec. Co.*, 66 F.3d 604, 618 (3d Cir. 1995). "[T]he mere existence of a mortgage agreement between plaintiff and defendant is insufficient, as a matter of law to create any duty of care owing from Defendant to Plaintiff beyond the obligations of the contract." *Id.* (internal quotation marks and citations omitted).

Here, as in *Wilson*, the only discernable basis of Plaintiff's negligent infliction of emotional distress claim against Servbank is her contractual relationship with Servbank as a result of the underlying mortgage. The Am. Complaint fails to articulate an independent duty upon which this claim is based. Accordingly, Plaintiff's negligent infliction of emotional distress claim fails as a matter of law.

---

and "are neither extreme nor outrageous") (*citing Hebrew Inst. for Deaf & Exceptional Children v. Kahana*, 21 Misc. 3d 1107[A], 873 N.Y.S.2d 234, 234, 2008 NY Slip Op 52001[U] [(N.Y. Sup. Ct., Kings Cnty. 2008)] ("[T]he mere commencement of litigation, even if alleged for the purpose of harassment and intimidation, is insufficient to support a claim for intentional infliction of emotional distress"); *Fischer v. Maloney*, 43 N.Y.2d 553, 557-558, 373 N.E.2d 1215, 1217 (1978) (dismissing emotional distress claim and observing "it may be questioned whether the doctrine of liability for intentional infliction of extreme emotional distress should be applicable where the conduct complained of falls well within the ambit of other traditional tort liability, here malicious prosecution and abuse of process").

E.   The Amended Complaint Fails To State A Claim Against Servbank Based on the Fair Debt Collection Practices Act

Plaintiff's claim based on the FDCPA, 15 U.S.C. §1692, *et seq.*, fails as a matter of law. The fundamental and fatal flaw, here, is that Plaintiff seeks to pursue a FDCPA claim against Servbank – but Servbank is not a debt collector within the meaning of the FDCPA for multiple reasons.

The FDCPA is a consumer protection statute aimed at curbing abusive, deceptive and unfair debt collection practices. *Marx v. General Revenue Corp.*, 133 U.S. 1166 (2013).  As stated in *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 366 (3d Cir. 2018):

> Importantly, it applies only to "debt collectors," *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000), defined as any person: (1) "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" (the "principal purpose" definition); or (2) "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" (the "regularly collects for another," or "regularly collects," definition). §1692a(6).

*Id.* (footnote omitted).

"To state a claim under the FDCPA, Plaintiff must establish that (1) she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' at issue arises out of a transaction entered into primarily for personal, family, or household purposes; (3) Defendants collecting the debt are 'debt collectors'; and (4) Defendants have violated, by act or omission, a provision of the FDCPA. *Harris v. Fein, Such, Kahn & Shepard*, No. 2:20-cv-01574, 2021 U.S. Dist. LEXIS 11089, at *12 (D.N.J. Jan. 21, 2021) (*citing Purpura v. JP Morgan Chase*, No. 16-3765, 2018 U.S. Dist. LEXIS 65167, 2018 WL 1837952, at *5 (D.N.J. Apr. 18, 2018), *reconsideration denied*, No. 16-3765, 2018 U.S. Dist. LEXIS 131527, 2018 WL 3727383 (D.N.J. Aug. 6, 2018), and *aff'd sub nom*, 765 F. App'x 864 (3d Cir. 2019)).

15

Servbank is not a "debt collector" within the meaning of the FDCPA, but rather, is a "creditor." "Creditors—as opposed to 'debt collectors'—generally are not subject to the [Act]." *Pollice*, 225 F.3d at 403. A "creditor" is any person: (1) "who offers or extends credit creating a debt[;] or" (2) "to whom a debt is owed." 15 U.S.C. §1692a(4). *See also*, *Deutsche Bank Natl. Trust Co. v. Cothran*, No. 12-245, 2012 U.S. Dist. LEXIS 75921, at *11 (D.N.J. May 31, 2012) (noting that "the legislative history of the FDCPA demonstrates that the term 'debt collectors' does not encompass a mortgage servicing company"); *Carroll v. Bank of Am.*, N.A., No. 1:12-CV-02506, 2013 U.S. Dist. LEXIS 44236, at *10-12 (N.D. Ga. Mar. 28, 2013) (holding that the FDCPA "applies only to debt collectors and not to creditors or mortgage servicers") (footnote and citation omitted).

As explained in *Belfi v. USAA F.S.B.*, No. 22-2083, 2022 U.S. Dist. LEXIS 161378, at *9 (E.D. Pa. Sep. 7, 2022): "Through this distinction between creditors and debt collectors, the FDCPA 'exempts entities engaged in no more than the "enforcement of security interests" from the lion's share of its prohibitions.'" *Id.* (*quoting Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1040, 203 L. Ed. 2d 390 (2019)). *Belfi* continued: "A mortgage is 'a security interest in the property designed to protect the creditor's investment.'" *Id.* (*quoting Obdusky*, 139 S. Ct. at 1033).

The Supreme Court decision in *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721, 198 L. Ed. 2d 177 (2017), clarified the law to make it clear that a servicer, such as Servbank, which took over defaulted mortgage loans, among other loans, for its own account "would hardly seem to be barred from qualifying as a creditor under the statute's plain terms. *Id.*, 137 S. Ct. at 1725.

The case of *Raciti v. Rushmore Loan Mgmt. Servs., LLC*, 412 F. Supp. 3d 462, 468 (D.N.J. 2019), explained *Henson*, and is directly on point. *Raciti*, like this action, involved a lawsuit by the plaintiff debtors who had defaulted on their mortgage. The plaintiff debtors had filed for bankruptcy protection and their debts were discharged in 2015. Two years later, the plaintiffs were informed that the servicing of their home loan was assigned to the defendant Rushmore Loan Mgmt. Servs. ("Rushmore").  There, like here, the plaintiff debtors were informed that "the servicing of their mortgage loan and the right to collect payments from Plaintiffs had been assigned, sold, or transferred from Capital One, N.A. to Rushmore." *Id.* at 465. Thereafter, Rushmore communicated with the plaintiff debtors several times.  Plaintiff claimed that Rushmore was a "debt collector" and that its communications violated the FDCPA. The District of New Jersey in *Raciti* rejected plaintiff debtors' claims.

*Raciti* explained *Henson*, which is directly on point:

In [*Henson*], Santander Bank purchased loans which were already in default, and sought to collect on those debts for its own account. *Id.* at 1722. In determining whether Santander Bank acted as a debt collector under the law, the Supreme Court interpreted the plain meaning of §1692a(6)pursuant to the FDCPA, reasoning as follows:

And by its plain terms this language seems to focus our attention on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself. Neither does this language appear to suggest that we should care how a debt owner came to be a debt owner—whether the owner originated the debt or came by it only through a later purchase. All that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for 'another'.

*Id.* at 1721. Accordingly, in light of this statutory interpretation, the Supreme Court ultimately concluded that Santander Bank could collect on defaulted debts for "its own account" without triggering the "regularly collects" definition of a debt collector pursuant to the FDCPA. *Id.* at 1722 ("[W]e don't see why a defaulted debt purchaser like Santander couldn't qualify as a creditor.").

*Id.*, 412 F. Supp. 3d at 468.

*Raciti* further explained *Henson*, observing: "the current or defaulted status of an assigned debt on which an entity attempts to collect is of no significance for the purpose of determining whether it qualifies as a debt collector under the FDCPA's 'regularly collects' definition." *Id. Raciti* concluded: "[A]lthough Rushmore is a mortgage loan servicer and not the loan originator, servicers can and do collect on debts for their own accounts…. Thus, where, as here, a plaintiff fails to adequately allege that a servicer 'regularly collects' debts for another, the statutory provisions of the FDCPA will not capture the servicer's actions." *Id.* at 469 (citations omitted).[9]

So, too, here, based on the above authority, Servbank, like Santander Bank in *Henson*, and *Rushmore* in *Raciti*, is a "creditor" that does not fall within the ambit of the FDCPA.  The Am. Complaint contains no factual allegations to the contrary. Accordingly, the Fifth Count, based on the FDCPA, must be dismissed as a matter of law.

Accordingly, Servbank is not a "debt collector" within the meaning of the FDCPA because the Foreclosure Action is not the act of collecting a debt.

## CONCLUSION

For all the foregoing reasons, it is respectfully requested that Defendant Servbank's motion be granted, such that Plaintiff's Complaint is dismissed in its entirety, with prejudice. Defendant Servbank also requests that the Court grant such other and further relief as it deems just and proper.

---

[9] *See also*, *Harris*, "'[t]he activity of foreclosing on the property . . . is not the collection of a debt.'" *Harris*, 2021 U.S. Dist. LEXIS 11089, at *12-13 (*quoting Tobing v. Parker McCay, P.A.*, No. 17-474, 2018 U.S. Dist. LEXIS 71639, at *32-33, 2018 WL 2002799, at *10 (D.N.J. Apr. 30, 2018)) (citations omitted)

Dated:   Lake Success, New York
         August 7, 2023

                                        **MILMAN LABUDA LAW GROUP PLLC**
*Attorneys for Defendant*
*Allied First Bank SB d/b/a Servbank*

By:   *Michael C. Mulè*

Michael C. Mulè, Esq.
Joseph M. Labuda, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1442 (direct dial)
(516) 328-0082 (facsimile)
michaelmule@mllaborlaw.com
joe@mllaborlaw.com

Frank Giglio, Esq.
Chief Legal Officer, TMS
frank.giglio@themoneysource.com

To:   All Parties

19