**EXHIBIT "B"**

LOGS Legal Group LLP
14000 Commerce Parkway, Suite B
Mount Laurel, NJ 08054
(856) 793-3080
Christopher A. DeNardo - 250782017
Kathleen M. Magoon - 040682010
Elizabeth L. Wassall - 023211995
Samantha Gable - 150622016
Jeffrey Rappaport - 003431991
Attorneys for Plaintiff
CXE 22-028705

| NATIONSTAR MORTGAGE LLC<br><br>PLAINTIFF,<br><br>vs.<br><br>CARLENE MCPHILLIP AND MR. CARLENE MCPHILLIP, HER HUSBAND<br><br>DEFENDANTS | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>GLOUCESTER COUNTY<br><br>Docket No:<br><br>CIVIL ACTION<br><br>COMPLAINT |
|---|---|

Plaintiff, Nationstar Mortgage LLC, having its principal office at 8950 Cypress Waters Blvd, Coppell, TX 75019 says:

### FIRST COUNT

1.      On **November 29, 2017, Carlene McPhillip**, (the "Borrower(s)") being indebted to **Unifirst Mortgage Corporation** in the sum of **$238,598.00** executed to it a note of that date to evidence that sum with interest thereon from said date at rate of **4.625%**, per annum on the unpaid balance until paid, said principal and interest to be paid in monthly installments of **$1,226.73**, commencing on **January 1, 2018** and on the first day of each month thereafter until the principal and interest are fully paid, except that the final payment of principal and interest, if not paid sooner, shall be due and payable on **December 1, 2047** (the "Note").

-1-

2.  To secure the payment of said Note, **Carlene McPhillip** executed to **Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Unifirst Mortgage Corporation, its successors and assigns**, a mortgage of even date with the Note thereby conveying to it, in fee, the land hereinafter described on the express condition that such conveyance should be void if payment should be made according to the terms of the Note (the "Mortgage").  The Mortgage was duly recorded on **November 30, 2017** in **Gloucester** County **in Book 15286, Page 92**.  The Mortgage was a **purchase money mortgage** and was given to secure a portion of the **purchase price**.

3.  The mortgaged premises are described as follows:

ALL THAT CERTAIN tract or parcel of land and premises situate in the **Monroe Township**, County of **Gloucester** and State of New Jersey:

SEE ATTACHED SCHEDULE A

**Lot 39 Block 27.0101**
**Commonly known as 1513 Patricia Court, Williamstown (Monroe Township), New Jersey 08094**

4.  On **March 29, 2018** by assignment bearing that date, **Mortgage Electronic Registration Systems, Inc., as nominee for Unifirst Mortgage Corporation, its successors and assigns**, assigned said Mortgage to **Nationstar Mortgage LLC d/b/a Mr. Cooper, a Delaware Limited Liability Company, its successors and assigns**, which assignment was recorded in the Clerk's/Register's Office of **Gloucester** County, on **April 2, 2018 in Book 351, Page 306**.

5.  The Note further provided that, in addition to the foregoing installments of principal and interest, the Borrower(s) promised to make monthly payments in the amount, and to be applied in the manner set forth, in the Mortgage.

# EXHIBIT "A"

## LEGAL DESCRIPTION

File No.:

ALL THAT CERTAIN tract or parcel of land and premises lying, being and situate in Monroe Township, Gloucester County, and State of New Jersey being more particularly described as follows:

BEGINNING at a point in the Northeasterly line of Patricia Court (50 feet wide), said point being Southeastwardly, a total arc and tangent distance of 229.56 feet from the Southerly end of a curve (radius of 20 feet), connecting said line of Patricia Court with the Southeasterly line of Angielee Road (50 feet wide), said point also being in the division line of Lots 39 and 40, Block 27.0101 on Plan hereinafter mentioned; thence

1. South 58 degrees 15 minutes 00 seconds East, along the Northeasterly line of Patricia Court, a distance of 35.00 feet to a point of curvature; thence
2. Northeastwardly, along said line of Patricia Court, curving to the left having a radius of 75.00 feet and an arc distance of 136.14 feet to a point of compound curvature; thence
3. Northwestwardly, along the Westerly line of Patricia Court, curving to the left having a radius of 50.00 feet and an arc distance of 70.82 feet to a point of reverse curvature; thence
4. Northwestwardly, along the Southwesterly line of Patricia Court, curving to the right having a radius of 80.00 feet and an arc distance of 58.16 feet to a point; thence
5. South 31 degrees 45 minutes 00 seconds West, along the first mentioned division line, a distance of 146.22 feet to the point and place of BEGINNING.

BEING known as Lot 39, Block 27.0101, as shown on Plan of Lots 'The Preserve at Villas East-Phase I', filed on 7/9/99 as Map #3022A.

BEING premises No. 1513 Patricia Court.

BEING Block: 27.101, Lot: 39

6. The Note and Mortgage contained an agreement that, should any default be made in the payment of any monthly installment on account of principal and interest, or any part thereof, if any of the other payments to be made by the Borrower(s) under the provisions of the Mortgage securing the Note on the day whereon the same is payable as provided in the Note or in the Mortgage, then and from thenceforth, the entire principal sum remaining unpaid, with all the arrearages of interest thereon, and all other payments provided in the Mortgage, shall at the option of the lender, its successors and assigns, become due and payable immediately thereafter although the period may not have expired.

7. The Note and Mortgage contained an agreement that if any of the installments of taxes, assessments, water rents, charges, impositions or liens, levied upon the mortgaged premises should remain in default, the mortgagee may pay the same, and such amount paid shall be a lien on said lands, added to the amount of the mortgage debt and secured by the Mortgage.

8. The Note provides that the mortgagee may collect a late charge not to exceed the amount stated in the note for each payment more than **fifteen (15)** days in arrears to cover an extra charge in handling delinquent payments.

9. During the course of this action, the Plaintiff may be obligated to make advances for the payment of taxes, insurance premiums and necessary expenses to preserve the security, and such sums advanced under the terms of the Note, together with interest, are to be added to the amount due on the mortgage debt and secured by the Mortgage.

10. On **April 1, 2020**, the Borrower(s) failed to pay the monthly installments of principal and interest, insurance and taxes due on said date and said monthly installments have remained unpaid through the present date. As a result of the Borrower's failure to pay the

monthly installments, he/she/they have/has defaulted on his/her/their obligations under the Note and Mortgage. Plaintiff has therefore, elected that the whole of the unpaid principal, advances and interest shall now be due.

11. The whole of the unpaid principal together with interest at the rate of **4.625%** pursuant to the terms of the Note, per annum from **March 1, 2020**, plus late penalties is now due on the Note and Mortgage plus any sums advanced for the payment of taxes or insurance premiums.

12. Notice was sent in compliance with the FAIR FORECLOSURE ACT, Chapter 50 of the Title 2A of the New Jersey Statutes, more than thirty (30) days prior to the date of the Complaint.

13. Plaintiff has sent out the Notice of Intent in accordance with the law to the extent it does not conflict with the Fair Debt Collection Practices Act.

14. **Carlene McPhillip** may be married at this time, but after due inquiry Plaintiff has been unable to ascertain the proper given name of the spouse and therefore has designated same as **Mr. Carlene McPhillip** and joined said spouse as a party defendant to this action. Defendant, **Mr. Carlene McPhillip**, is the spouse of **Carlene McPhillip**, owner of the mortgaged premises and as such may have a statutory spousal interest or other interest in said premises. Any title interest, dower/curtesy or possessory right, if any, acquired by **Mr. Carlene McPhillip** was subsequent to the subject mortgage. Any interest or right **Mr. Carlene McPhillip** has in such property is subordinate and subject to the aforesaid Mortgage pursuant to N.J.S.A. 3B:28-3.1.

15. Any interest or lien which any of the defendants herein has or claims to have in or upon the said mortgaged premises or some part thereof is subject to the lien of the Mortgage.

WHEREFORE, Plaintiff demands judgment:

a) Fixing the amount due on its Mortgage.

b) Barring and foreclosing the defendants and each of them of all equity of redemption in and to said lands.

c) Directing that the Plaintiff be paid the amount due on its Mortgage with interest and costs.

d) Adjudging that said lands be sold according to law to satisfy the amount due plaintiff.

## SECOND COUNT

1. Plaintiff repeats the allegations of the First Count and makes same a part hereof as if repeated at length herein.

2. By reason of the default in the terms of the Mortgage referred to in the First Count of the Complaint, and by reason of the terms of the Mortgage Plaintiff is entitled to possession of the mortgaged premises described in the First Count.

3. Defendants, **Carlene McPhillip and Mr. Carlene McPhillip, her husband,** their heirs, devisees and personal representatives and his/her, their or any of their successors in right, title and interest are now in possession of the mortgaged premises described in the First Count and have at all times deprived Plaintiff of possession of said mortgaged premises.

WHEREFORE, Plaintiff demands judgment:

a) That Plaintiff, or the purchaser at the foreclosure sale, recovers possession of the mortgaged premises against said defendants or anyone holding under them;

b) Damages for mesne profits;

c) Costs

# ATTACHMENT A

## CERTIFICATION OF DILIGENT INQUIRY PURSUANT TO RULE 1:5-6(c)(1)(E) AND RULE 4:64-1(a) (2) and (a) (3)

Kathleen M. Magoon, Esquire, of full age, hereby certifies and says:

1. On August 03, 2022, I communicated by written communication with the following named employee(s) of Nationstar Mortgage LLC, who stated that he/she personally reviewed the complaint to be filed with the court and that he/she confirmed compliance with *Rule* 4:64-1(b)(1) through (b)(10) and (b)(12) through (b)(13).

2. The name, title and responsibilities of the Plaintiff's employee(s) or plaintiffs mortgage loan servicer's employee(s) with whom I communicated are:

Name:              Tina Braune

Title:             Document Execution Associate

Responsibilities:  Review and Execution Foreclosure Documents

3. Based on my communication with the above-named employee(s) of plaintiff or plaintiffs mortgage loan servicer, as well as my own inspection of the loan information supplied by the plaintiff or the plaintiff's mortgage loan servicer and other diligent inquiry, I execute this certification to comply with the requirements of Rules 1:4-8(a), 1:5-6(c)(1)(E), and 4:64-1(a)(2) and (a)(3).

4. I am aware that I have a continuing obligation under Rule 1:4-8 to amend this certification if a reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support for any factual assertions proffered by plaintiff in any court filings or documents in this case.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

LOGS LEGAL GROUP LLP

*By:* /s/Kathleen M. Magoon
KATHLEEN M. MAGOON, ESQUIRE
ATTORNEY FOR PLAINTIFF

## CERTIFICATION

The undersigned certifies pursuant to R.4:5-1(b)(2) that to the best of my knowledge, information and belief, this matter is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. At this time, there are no other parties who should be joined in this action.

The undersigned certifies pursuant to R. 4:64-1(a) that a title search of the public record has been obtained and reviewed for the purpose of identifying any lienholder or other persons and entities with an interest in the property that is subject to the herein foreclosure action.

LOGS LEGAL GROUP LLP

By: /s/Kathleen M. Magoon
KATHLEEN M. MAGOON, ESQUIRE
ATTORNEY FOR PLAINTIFF

Dated: August 25, 2022
CXE22-028705



# FORECLOSURE
## CASE INFORMATION STATEMENT
### (FCIS)

*Use for initial Chancery Division – General Equity foreclosure pleadings (not motions) under Rule 4:5-1. Pleading will be rejected for filing, under Rule 1:5-6©, if information is not furnished or if attorney's signature is not affixed.*

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: ☐CK ☐CG ☐CA ☐MO |
| RECEIPT NO: |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |
| BATCH DATE: |

### SECTION A: TO BE COMPLETED BY ALL PARTIES

**CAPTION** Nationstar Mortgage LLC
Plaintiff

vs.

Carlene McPhillip and Mr. Carlene McPhillip, her husband
Defendants

**COUNTY OF VENUE:** Gloucester

**DOCKET NUMBER (When available)**

**NAME OF FILING PARTY(IES)** (e.g., John Doe, Plaintiff)
Nationstar Mortgage LLC

**DOCUMENT TYPE**
☒ COMPLAINT   ☐ ANSWER   ☐ OTHER

**ATTORNEY NAME:** Kathleen M. Magoon

**FIRM NAME (If applicable)** LOGS Legal Group LLP

**MAILING ADDRESS** 14000 Commerce Parkway, Suite B, Mount Laurel, NJ 08054

**DAYTIME TELEPHONE NUMBER**
(856) 793-3080

### SECTION B: TO BE COMPLETED BY PLAINTIFF TO INITIAL COMPLAINT

**FORECLOSURE CASE TYPE NUMBER**

- ☐ 088 IN PERSONAM TAX FORECLOSURE
- ☐ 089 IN REM TAX FORECLOSURE
- ☒ ORF RESIDENTIAL MORTGAGE FORECLOSURE
- ☐ OCF COMMERCIAL MORTGAGE FORECLOSURE
- ☐ OCD CONDOMINIUM OR HOMEOWNER'S ASSOCIATION LIEN FORECLOSURE
- ☐ 091 STRICT FORECLOSURE
- ☐ OFP OPTIONAL FORECLOSURE PROCEDURE (NO SALE)

IS THIS A HIGH RISK MORTGAGE PURSUANT TO P.L.2009,c.84 AND P.L.2008, c.127   ☐ YES ☒ NO

PURCHASE MONEY MORTGAGE   ☒ YES ☐ NO

RELATED PENDING CASE   ☐ YES ☒ NO
IF YES, LIST DOCKET NUMBER:

**FULL PHYSICAL STREET ADDRESS OF PROPERTY:**
1513 Patricia Court, Williamstown, NJ

ZIP CODE: 08094   COUNTY: Gloucester

MUNICIPALITY CODE: 0811
MUNICIPAL BLOCK: 27.0101
(LOTS): 39

**ALL FILING PARTIES MUST SIGN AND PRINT NAMES(S) AND DATE THE FORM BELOW**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

| ATTORNEY/SELF REPRESENTED SIGNATURE | PRINT ATTORNEY/SELF REPRESENTED NAME | DATE |
|---|---|---|
| /s/Kathleen M. Magoon | Kathleen M. Magoon | August 25, 2022 |

Revised Effective 9/2009, CN 10169

CXE22-028705
LOGS LEGAL GROUP LLP
14000 COMMERCE PARKWAY, SUITE B
MOUNT LAUREL, NJ 08054
(856) 793-3080
CHRISTOPHER A. DENARDO - 250782017
KATHLEEN M. MAGOON - 040682010
ELIZABETH L. WASSALL - 023211995
SAMANTHA GABLE - 150622016
JEFFREY RAPPAPORT - 003431991
ATTORNEYS AT LAW

| NATIONSTAR MORTGAGE LLC<br>PLAINTIFF,<br><br>vs.<br><br>CARLENE MCPHILLIP AND MR. CARLENE MCPHILLIP, HER HUSBAND<br>DEFENDANTS | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>GLOUCESTER COUNTY<br>Docket No:<br><br>CIVIL ACTION<br><br>**CERTIFICATION OF NO OTHER ACTION** |
|---|---|

1.  The undersigned, certifies pursuant to R. 4:5-1(b)(2) to the best of my knowledge, information and belief, this matter is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. At this time, there are no other parties who should be joined in this action.

2.  I hereby certify that the foregoing statements made by me are true. I am aware that if any statement made by me is willfully false, I am subject to punishment.

Dated: __August 25, 2022__

LOGS LEGAL GROUP LLP

By: /s/Kathleen M. Magoon
KATHLEEN M. MAGOON, ESQUIRE
ATTORNEY FOR PLAINTIFF

CXE22-028705
LOGS LEGAL GROUP LLP
14000 COMMERCE PARKWAY, SUITE B
MOUNT LAUREL, NJ 08054
(856) 793-3080
CHRISTOPHER A. DENARDO - 250782017
KATHLEEN M. MAGOON - 040682010
ELIZABETH L. WASSALL - 023211995
SAMANTHA GABLE - 150622016
JEFFREY RAPPAPORT - 003431991
ATTORNEYS AT LAW

| NATIONSTAR MORTGAGE LLC<br>PLAINTIFF,<br><br>vs.<br><br>CARLENE MCPHILLIP AND MR. CARLENE MCPHILLIP, HER HUSBAND<br>DEFENDANTS | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>GLOUCESTER COUNTY<br>Docket No:<br><br>CIVIL ACTION<br><br>**CERTIFICATION OF REDACTION OF PERSONAL IDENTIFIERS** |
|---|---|

1. The undersigned certifies to the best of my knowledge, information and belief, all personal identifiers have been redacted from any and all documents.

2. I hereby certify that the foregoing statements made by me are true. I am aware that if any statement made by me is willfully false, I am subject to punishment.

Dated: August 25, 2022

           LOGS LEGAL GROUP LLP

           By: /s/Kathleen M. Magoon
            KATHLEEN M. MAGOON, ESQUIRE
            ATTORNEY FOR PLAINTIFF

CXE22-028705
LOGS LEGAL GROUP LLP
14000 COMMERCE PARKWAY, SUITE B
MOUNT LAUREL, NJ 08054
(856) 793-3080
CHRISTOPHER A. DENARDO - 250782017
KATHLEEN M. MAGOON - 040682010
ELIZABETH L. WASSALL - 023211995
SAMANTHA GABLE - 150622016
JEFFREY RAPPAPORT - 003431991
ATTORNEYS AT LAW

| NATIONSTAR MORTGAGE LLC<br>   PLAINTIFF,<br><br>vs.<br><br>CARLENE MCPHILLIP AND MR.<br>CARLENE MCPHILLIP, HER HUSBAND<br>   DEFENDANTS | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>GLOUCESTER COUNTY<br>Docket No:<br><br>CIVIL ACTION<br><br>**CERTIFICATION OF TITLE SEARCH** |
|---|---|

1. The undersigned, certifies pursuant to R. 4:64-1(a) that a title search of the public record has been obtained and reviewed for the purpose of identifying any lienholder or other persons and entities with an interest in the property that is subject to the herein foreclosure action.

2. I hereby certify that the foregoing statements made by me are true. I am aware that if any statement made by me is willfully false, I am subject to punishment.

Dated: August 25, 2022

                                                  LOGS LEGAL GROUP LLP

                                                  By:/s/Kathleen M. Magoon
                                                  KATHLEEN M. MAGOON, ESQUIRE
                                                  ATTORNEY FOR PLAINTIFF

CXE22-028705
LOGS LEGAL GROUP LLP
14000 COMMERCE PARKWAY, SUITE B
MOUNT LAUREL, NJ 08054
(856) 793-3080
CHRISTOPHER A. DENARDO - 250782017
KATHLEEN M. MAGOON - 040682010
ELIZABETH L. WASSALL - 023211995
SAMANTHA GABLE - 150622016
JEFFREY RAPPAPORT - 003431991
ATTORNEYS AT LAW

| NATIONSTAR MORTGAGE LLC<br>PLAINTIFF,<br><br>vs.<br><br>CARLENE MCPHILLIP AND MR. CARLENE MCPHILLIP, HER HUSBAND<br>DEFENDANTS | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>GLOUCESTER COUNTY<br>Docket No:<br><br>CIVIL ACTION<br><br>**CERTIFICATION OF DUE DILIGENCE** |
|---|---|

    1.    On August 03, 2022, I communicated by written communication with the following named employee(s) of Nationstar Mortgage LLC, who stated that he/she personally reviewed the complaint to be filed with the court and that he/she confirmed compliance with *Rule* 4:64-1(b)(1) through (b)(10) and (b)(12) through (b)(13).

    2.    The name, title and responsibilities of the Plaintiff's employee(s) or plaintiffs mortgage loan servicer's employee(s) with whom I communicated are:

Name:        Tina Braune

Title:         Document Execution Associate

Responsibilities:    Review and Execution Foreclosure Documents

    3.    Based on my communication with the above-named employee(s) of plaintiff or plaintiffs mortgage loan servicer, as well as my own inspection of the loan information supplied by the plaintiff or the plaintiff's mortgage loan servicer and other diligent inquiry,

I executed this certification to comply with the requirements of Rules 1:4-8(a), 1:5(c)(1)(E), and 4:64-1(a)(2) and (a)(3).

4. I am aware that I have continuing obligation under Rule 1:4-8 to amend this certification if a reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support for any factual assertions proffered by plaintiff in any court filings or documents in this case.

5. I hereby certify that the foregoing statements made by me are true. I am aware that if any statement made by me is willfully false, I am subject to punishment.

Dated: August 25, 2022

                                            LOGS LEGAL GROUP LLP

                                            *By:* /s/Kathleen M. Magoon
                                                KATHLEEN M. MAGOON, ESQUIRE
                                                ATTORNEY FOR PLAINTIFF

## Notification Pursuant to N.J.S.A. 46:10B51-(d)

__kmm__  In accordance with the N.J.S.A. 46:10B-51-(d), Plaintiff will serve Notice to the Municipality, providing the contact information for the person responsible for receiving complaints of property maintenance and code violations to:

Nationstar Mortgage LLC
c/o LOGS Legal Group LLP
14000 Commerce Parkway, Suite B
Mount Laurel, NJ 08054
Telephone (856) 793-3080
Facsimile (847) 627-8809

__kmm__ The contact information provided for the in-state representative responsible for notifying the foreclosing creditor about any issues regarding the care, maintenance, security for upkeep of the exterior of the property if becomes vacant and abandoned is as follows:

Nationstar Mortgage LLC
c/o Eloope Management
LaToya Edouard
308 Peachtree Village
Hackettstown, NJ 07840-0000
Telephone (201) 317-6576
eloope_management@yahoo.com