# EXHIBIT "C"

Carlene McPhillip
1513 Patricia Court
Williamstown, New Jersey 08094
856 397 7115 – Phone
kfordays@yahoo.com - Email

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC<br><br>Plaintiff,<br><br>vs.<br><br>CARLENE MCPHILLIP AND MR. CARLENE MCPHILLIP, HER HUSBAND<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>GLOUCESTER COUNTY<br><br>Docket No.: **F-008917-22**<br><br>CIVIL ACTION<br><br>**AMENDED ANSWER AND COUNTERCLAIM** |

### ANSWER TO FIRST COUNT

1.      Denied. It is specifically denied that Carlene McPhillip, is "being indebted to Unifirst Mortgage Corporation". The complaint alleges that Carlene McPhillip first "being indebted to Unifirst Mortgage Corporation" and thereafter executed the note to it. It is denied that any extension of credit and or loan took place from Unifirst Mortgage Corporation to Carlene McPhillip to form any contractual indebtedness between Carlene McPhillip and Unifirst Mortgage Corporation. It is specifically denied that this Plaintiff has any interest in the Note.

2.      Denied. Specifically denied that Carlene McPhillip conveyed the land in fee to MERS. No legal interest was conveyed to MERS as a nominee for Unifirst Mortgage Corporation or any interest in fee. Plaintiff implied in this paragraph that the Note and the Mortgage are the same. It is therefore, specifically denied that the Note and the Mortgage are one and the same instrument, they are two distinct and separate instruments.

3.      Denied. Specifically denied that the legal description of the property is derived from the mortgage. Plaintiff's claim constitutes a wrong legal conclusion, not a statement of fact. It is also specifically denied that Schedule "A" describes any premises that are mortgaged.

4.     Denied. Specifically denied that MERS had legal authority to assign the mortgage to Plaintiff. More to the point is that MERS has nothing to assign since it is not a party on the Note. The Note and the Mortgage are inseparable for the Note recognizes the promise to pay attached to the Mortgage conveying the security interest as collateral should the borrower fail to pay. In this case the actual Lender , the drawer/maker of the Note is not correctly identified nor is the actual Borrower properly identified (see **Jesinoski v. Countrywide** Home Loans, Inc. The Truth in Lending Act (TILA), 15 U.S.C. § 1635).

5.     The Note presented is presumed a forgery. In looking over the instrument it appears to have two indorsements 1) from Unifirst Mortgage Corporation to First Guarantee Mortgage Corporation, 2) from First Guarantee Mortgage Corporation to Blank. **There is no assignment of mortgage from First Guarantee Mortgage Corporation to Plaintiff creating break in the chain of assignments of mortgage rendering the Plaintiff without authority to foreclose.** Plaintiff's complaint addresses single assignment of mortgage from MERS as nominee for Unifirst Mortgage Corporation directly to the Plaintiff Nationstar Mortgage bypassing an interest that was sold to First Guarantee Mortgage Corporation. County records show the same single assignment of mortgage. It is also specifically denied that the alleged assignment of mortgage assigned the note to the Plaintiff. So not only has NATIONSTAR MORTGAGE LLC presented a forgery but a poor one that fails to establish any proper chain of title.

6.     **Denied. Specifically denied that Plaintiff is the "Noteholder", paragraph Ten of the Note provided while deemed a forgery in pertinent part says as follows:**

> **"In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note."**

However, the last page of the instrument bears an indorsement which shows that the Originating Company - Unifirst Mortgage Corporation - sold its interest. The instrument was converted to Demand Draft aka a "check" with a "Pay to the Order" to First Guarantee Mortgage Corporation. The Second indorsement shows that First Guarantee Mortgage Corporation than cashed in its interest. The indorsement is not any specific indorsement to NATIONSTAR MORTGAGE LLC as such, the Plaintiff failed to show its interest in the presented instrument/Demand Draft and as such has no standing to foreclose. The Instrument presented on its face by its terms is NOT a bearer instrument. It merely evidences that a negotiable instrument was the only money to fund the original transaction and it came from the maker's Original Note exchanged for the property at settlement.  There was no loan.  There is no evidence that NATIONSTAR MORTGAGE LLC nor MERS possess the maker's Original Note by presenting only a forgery in its stead.  Since it illustrates the fact that neither NATIONSTAR MORTGAGE LLC nor MERS have any documented interest, it is attached hereto and incorporated herewith as Annex A.

7.      Denied. It is specifically denied that Carlene McPhillip is in default under the Note and Mortgage terms to the Plaintiff and it is also denied that the Note and Mortgage are in default. It is also denied that the entire principal sum is owed to the Plaintiff.

8.      Denied. It is specifically denied that Plaintiff has any authority to reserve or assume payment of taxes, municipal charges, or other liens. Plaintiff has no authority to add any amount in addition to the original mortgage amount. Plaintiff has not showed its interest in the Original Note and as such cannot enforce the Mortgage. The Note by its terms is NOT a bearer instrument. The Original Note is not present in this case.

9.      Denied. It is specifically denied that the Plaintiff can charge late or otherwise any amount under the Note. Plaintiff has not showed its interest in the Note and as such cannot enforce the mortgage. The Note by its terms is NOT a bearer instrument. The Original Note is not present in this case.

10.     Denied. It is specifically denied that Plaintiff has any authority to make any advances for the payment of taxes, insurance premiums and necessary expenses to preserve the security, and such sums advanced under the terms of the Note, together with interest, or to add any amount to the amount claimed due under the Original Note. Plaintiff has not showed its interest in the Original Note and as such cannot enforce the Mortgage. The Note by its terms is NOT a bearer instrument and this Plaintiff is not entitled to foreclose.

11.     Denied. It is specifically denied that on April 1, 2020, any payment was due to Plaintiff, a moratorium ordered by the Governor of the State of New Jersey due to COVID19 pandemic froze all payments to any mortgage servicer. Regardless, Plaintiff has not showed its interest in the Note and as such cannot enforce the Mortgage. The Note by its terms is NOT a bearer instrument and this Plaintiff is not entitled to foreclose.

12.     Denied. It is specifically denied that from March 1, 2020, any payment was due to Plaintiff. Plaintiff has not showed its interest in the Note and as such cannot enforce the Mortgage. The Note by its terms is NOT a bearer instrument and this Plaintiff is not entitled to foreclose.

13.     Denied. It is specifically denied that proper Notice was sent in compliance with the FAIR FORECLOSURE ACT, Chapter 50 of the Title 2A of the New Jersey Statutes. Plaintiff has not showed its interest in the Note and as such cannot enforce the Mortgage. The Note by its terms is NOT a bearer instrument and this Plaintiff is not entitled to foreclose.

14.     Denied. It is specifically denied that proper Notice of Intent to Foreclose was sent to Carlene McPhillip and if any Notice was sent it is in direct conflict with the Fair Debt Collection

Practices Act. Plaintiff has not showed its interest in the Note and as such cannot enforce the mortgage. The Original Note is not present in this case. The Note by its terms is NOT a bearer instrument and this Plaintiff is not entitled to foreclose.

15.     Denied. It is specifically denied that Plaintiff has any authority to enforce the Note and or the Mortgage. The Original Note is not present in this case. Plaintiff has not showed its interest in the Note and as such cannot enforce the mortgage. The Note by its terms is NOT a bearer instrument and this Plaintiff is not entitled to foreclose regardless whether or not Carlene McPhillip is married or not.

16.     Denied. It is specifically denied that any interest or lien including equitable interest which Carlene McPhillip has or claims to have in or upon the said premises is subject to the lien of the Mortgage.

Wherefore, Carlene McPhillip demands judgment as follows:

a) Dismissing the instant complaint with prejudice as this Plaintiff has not showed its interest in the Note and as such cannot enforce the mortgage. The Original Note is not present in this case. No evidence of any chain of title to establish an equitable right was established in this case. The Note by its terms is NOT a bearer instrument, there is a break in the chain of assignments of mortgage and this Plaintiff is not entitled to foreclose.

b) Declaring that the instant Plaintiff is not entitled to foreclose the defendant(s) from any equity of redemption in and to said lands. Plaintiff has not showed its interest in the Note and as such cannot enforce the mortgage. The Note by its terms is NOT a bearer instrument, there is a break in the chain of assignments of mortgage and this Plaintiff is not entitled to foreclose.

c) Deny Plaintiff's demands with prejudice to pay any amount allegedly due under the Note with interest and costs. The Original Note is not present in this case. Plaintiff has not demonstrated its interest in the Note and as such cannot enforce the Mortgage. The Note by its

terms is NOT a bearer instrument, there is a break in the chain of assignments of mortgage and this Plaintiff is not entitled to foreclose.

d) Deny Plaintiff's demands with prejudice to sell the lands to satisfy any alleged amount due. Plaintiff has not showed its interest in the Note and as such cannot enforce the Mortgage. The Note by its terms is NOT a bearer instrument, there is a break in the chain of assignments of mortgage and this Plaintiff is not entitled to foreclose.

## ANSWER TO SECOND COUNT

1.      Carlene McPhillip repeats the answers of the First Count and makes same as a part hereof as if repeated at length herein.

2.      Denied. It is specifically denied that there any default under the terms of the Note and the Mortgage.  Plaintiff is NOT entitled to possession of the premises; Plaintiff has not showed its interest in the Note and as such cannot enforce the mortgage. The Note by its terms is NOT a bearer instrument, there is a break in the chain of assignments of mortgage and this Plaintiff is not entitled to foreclose.

3.      Denied. It is specifically denied that Carlene McPhillip is a debtor to the alleged Plaintiff, and denies that Carlene McPhillip is an obligor to the Plaintiff and denies that Plaintiff has any right to the possession of the premises.  The Original Note is not present in this case. Plaintiff has not showed its interest in the Note and as such cannot enforce the Mortgage. The Note by its terms is NOT a bearer instrument, there is a break in the chain of assignments of mortgage and this Plaintiff is not entitled to foreclose.

WHEREFORE, Carlene McPhillip demands that this Foreclosure Complaint be Dismissed with Prejudice for lack of standing, lack of subject matter jurisdiction over the instant matter, Plaintiff failing to meet the required conditions precedent to Plaintiff's right of action, Carlene McPhillip demands that any and all demands and claims made against Carlene McPhillip by this

alleged Plaintiff be denied with prejudice. Plaintiff has not showed its interest in the Note, there is

a break in the chain of assignments of mortgage and as such cannot enforce the mortgage. The Note

by its terms is NOT a bearer instrument and this Plaintiff is not entitled to foreclose.

I certify that the foregoing statements made by me are true. I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

Dated: March 29, 2023

By: _____

CARLENE MCPHILLIP

## CERTIFICATION OF SERVICE

I, the undersigned, emailed to Kathleen M. Magoon, Esq. LOGS LEGAL GROUP LLP, located

at 14000 Commerce Parkway, Suite B, Mount Laurel, NJ 08054 the attorney for the Plaintiff.

     I certify that the foregoing statements made by me are true. I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

By: _____

CARLENE MCPHILLIP

Dated: March 29, 2023

# ANNEX A

# NOTE

LOAN# 000056409

FHA Case Number
351-7333702-703

November 29th, 2017          Marlton

[Date]                                          [City]

MIN# 1002872-0000056409-4
NEW JERSEY
[State]

1513 Patricia Court    Williamstown, NJ 08094

[Property Address]

## 1.   BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 238,598.00          (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is  UNIFIRST MORTGAGE CORPORATION

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2.   INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of     4.625          %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3.   PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the  1st          day of each month beginning on     January 1st 2018          . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest and other items  in the order described in the Security Instrument before Principal.  If, on     December 1st          , 2047    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at  217 EISENHOWER BLVD, JOHNSTOWN, PA 15905
or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $   1,226.73

## 4.   BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so.  I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use  my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of the Note.  If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5.   LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.



*GCC-3213new-1 (1/15)*                            Page 1 of 3                      *Effective 1/21/2015*
FHA Multistate Fixed Rate Note

521848 1-2.23



**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of   15   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   4.000   % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note, is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

> If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.



*GCC-3213new-2 (11/14)*

*Effective 1/21/2015*

FHA Multistate Fixed Rate Note

521848.1-2.24



If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 14 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)
Carlene McPhillip                   -Borrower

Pay to the order of:
**First Guaranty Mortgage Corporation**

Without Recourse
UNIFIRST MORTGAGE CORPORATION A
COLORADO CORPORATION
_____
CHRISTINE BLALOCK
ASSISTANT SECRETARY

_____ (Seal)
                                    -Borrower

_____ (Seal)
                                    -Borrower

_____ (Seal)
                                    -Borrower

*[Sign Original Only]*

NMLSR ID:No.:  333096
NMLSR (L.O.) ID: 1042375 (Mark Rotundo)
Mortgage Loan Originator:  UNIFIRST MORTGAGE CORPORATION

WITHOUT RECOURSE PAY TO THE ORDER
OF:_____
FIRST GUARANTY MORTGAGE CORPORATION
BY:_____
Brendan Curley, Final Docs Manager

GCC-3213new-3 (3/17)          Page 3 of 3

*Effective 1/21/2015*
FHA Multistate Fixed Rate Note

521848.1-2.25

Carlene McPhillip
1513 Patricia Court
Williamstown, New Jersey 08094
856 733 0773 – Phone
kfordays@yahoo.com - Email

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE LLC | ) | SUPERIOR COURT OF NEW JERSEY |
| | ) | CHANCERY DIVISION |
| Plaintiff, | ) | GLOUCESTER COUNTY |
| | ) | |
| vs. | ) | Docket No.: F-008917-22 |
| | ) | |
| CARLENE MCPHILLIP AND MR. CARLENE | ) | CIVIL ACTION |
| MCPHILLIP, HER HUSBAND | ) | |
| | ) | |
| Defendant(s) | ) | **COUNTERCLAIM** |
| | ) | |

1. This is a counterclaim filed by Carlene McPhillip against NATIONSTAR MORTGAGE

    LLC dba MR. COOPER as a collateral attack for misconduct related to the attempt to

    foreclose on an alleged single family residential mortgage of private property (case# F-

    008917-22).

2. NATIONSTAR MORTGAGE LLC MR COOPER's initial claim is being enforced

    pursuant to several federal statutes, Title 7, 12, 15, 42 USC and the Housing Act of 1937

3. As described in the allegations below, Plaintiff misconduct resulted in identity theft, the

    alleged issuance of an improper mortgage, unauthorized foreclose action by abuse of

    process and simulation of legal process, violation of constitutionally protected authority

    and dominion, the use of false and deceptive affidavits and other documents, and the

    waste and abuse of taxpayer funds.

4. Each of the allegations regarding Plaintiff contained herein applies to instances in which

    one or more, and in some cases, all, of the Plaintiff engaged in the conduct alleged.

5.  Pursuant to careful reading of statutes, "mortgage" contracts are facilitated through a "time deposit" at an International Banking Facility (IBF) that only 'foreigners' are permitted to establish for settlement of any type of "mortgage obligation" through an Automated Clearing House (ACH) at an IBF [see 12 C.F.R. 201].

6.  Pursuant to § 204.1 § (1)(ii) A mutual savings bank as defined in section 3 of the Federal Deposit Insurance Act (FDI Act) (12 U.S.C. §1813 (1)(5)(D)… "time deposit" a such term is defined by the board of Governors in Regulation D (12 CFR part 204. ..For example, "mortgage Loans: insured by the Federal Housing Administration (FHA).

7.  Funding through an IBF cannot be used in the United States, therefore by default, there are No mortgage loan enforceable in the United States aka outside a federal area.

8.  Plaintiff intends to prove that the subject property is not "in the STATE", Carlene McPhillip did not qualify to apply for or receive a mortgage loan.  Plaintiff has no standing to have financed or foreclose on the subject property and the judge is disqualified from rendering any lawful order in Plaintiff case against Carlene McPhillip.

9.  Pursuant to 12 U. S. C § 1831b no "insured depository institution", "insured" branch of a "foreign bank" or mutual savings or cooperative bank which is not an insured depository institution, shall make any federally mortgage loan to any agent, trustee, nominee, or other person acting in a fiduciary capacity without the prior condition that the identity of the person receiving the beneficial interest in such loan shall be known to the insured depository institution, insured branch, or bank.

**Relevant Federal Acts**

10. 12 USC § 215.1 (a) Authority pursuant to sections 11 (a),, 22 (g), and 22 (h) of the Federal Reserve Act (12 U.S.C. § 248(a), 375a, and 375b), 12 U.S.C. 1817(k), section

306 of the Federal Deposit Insurance Corporation Improvement Act of 1991 (Pub. L. 102-242, 105 Stat. 2236 (1991)), section 11 of the Home Owners' Loan Act (12 U.S.C. 1468), section 312(b)(2)(A) of the Dodd frank Wall Street Reform and Consumer Protection Act (12 U.S.C. 5412); 12 CFR Part 106- Fair Debt Collection Practices Act (Regulation F) and the national Housing Act 1934 (Caphart Act), ch. 847, 48 Stat. 847 (1937) (codified as amended at 12 U.S.C. § § 1701 to 1750g and 42 U.S.C. 1401 to 1440). The Federal Housing Administration (FHA) provides mortgage insurance on loans made by FHA- approved lenders throughout the United States.  Among other things, FHA insures mortgages on "single family" housing, which refers to one- to four- family dwellings.  See, e.g., 12 U.S.C. § 1709; see generally 24 C.F.R. Part 203.

11. Because those are federal Acts, pursuant to 15 U.S. Code § 3007, jurisdiction and venue is restricted to the **district courts of the United States for any civil action** under this chapter, without regard to the citizenship of the parties or the amount in controversy.

12. Pursuant to 15 U.S. Code § 3007(b) Venue; service of process civil action under this chapter may be brought in any **district court of the United States** for a district located in the host State or the off-track State, and all process in any such civil action may be served in any **judicial district of the United States.**

13. Pursuant to 12 U.S.C. § 632, jurisdiction of United States court is for **disposition by banks of foreign owned property** and provides the only permissible court filings, for any entity **operating under the Federal Reserve Act**, must arise out of transactions involving **international and foreign banking**, and as of 1941, the Secretary of State, has to be made a party to the proceeding in the federal district court, with no aid of an attorney.

14. **Pursuant to 12 U.S.C. § 4635(a)** The Director may… apply to the United States district court within the jurisdiction of which the **headquarters of the regulated entity** is located, for the enforcement of any effective and outstanding notice or order issued… or request that the Attorney General of the United States bring such an action.

15. The "Director" is Director of the **Federal Housing finance Agency** and the record does not reflect s/he initiated the foreclosure case against Carlene McPhillip.

16. The record does not reflect that the subject property is the headquarters.

### Attorney has No Standing to Institute Claim

17. Civil maritime and admiralty actions require a legitimate contract between the Plaintiff and defendant for the plaintiff to have standing to sue.

18. For the Plaintiff to have standing and for the court to have jurisdiction of the subject matter there must be in existence a bona fide contract binding the accused into the maritime jurisdiction.

19. The alleged cause of action is "foreclosure" however, there is no such provision in all of title 12 U.S.C. BANKING, pertaining to a private man or woman, much less to one's private property, (see National Bank v. Matthews, 98 U.S. 621 (1878)).

20. Pursuant to 12 CFR PART 215.1(b)(1) entities so organized may only make loans to executive officer, directors and, principal shareholders of member banks (REGULATION O).

21. 12 CFR Part 1006, Regulation F implements the Fair Debt Collection Practices Act (FDCPA, prescribing Federal rules governing the activities of debt collectors, as that term is defined in the FDCPA [Cf. 15 U.S.C.A. 1692 et seq].

22. Pursuant to 12 Code of Federal Regulation ("CFR") § 347.15 2) the following financial activities are only authorized **outside the United States** Financing, including commercial financing, consumer financing, mortgage banking, and factoring, subject to compliance with any attendant restrictions contained 12 CFR 225.28(b) (List of permissible nonbanking activities.)

23. Pursuant to 12 CFR 225.28(b)(ii) those banking activities are restricted to: "Arranging commercial real estate equity financing. Acting as **intermediary for the financing of commercial or industrial income-producing real estate** by arranging for the transfer of the title, control, and risk of such a real estate project to one or more investors..."

24. 12 U.S.C. § 371d. Investment in **bank premises or stock of corporation holding premises.**

25. 12 U.S.C. § 221a(b) the term "**affiliate**" shall include any corporation, business trust, association, or other similar organization.

### Subject Property Not Qualified for "Mortgage"

26. Pursuant 12 U.S. Code § 1710(1)(3)(A) The term "contract mortgagee" means a person or entity under a contract with the Secretary that provides for the assignment of a single-family mortgage from the Secretary to the person or entity for the purpose of pursuing foreclosure.

27. However, 12 U.S.C. 1867. Requires a filing of a "Report of condition listed as FFIEC 031, FFIEC 041, or FFIEC 51 version of the Consolidated Report of Condition and Income (Call Report), financial activity **outside of the United States;**

28. FFIEC 031, permits a "**foreclosure**" provided it's a "lease" of a **bank building**.

29. FFIEC 41, permits Securitization of any "mortgage backed security"

30. MERSCORP, as an agent for Ginnie Mae Fannie Mae and Freddie Mac, are listed as GSE, owned by a foreign banking organization required to file a Consolidated Report of Condition and Income (Call Report).

31. MERSCORP has no legal authority to register, demand payment, or assign a trustee or hire anyone to initiate "foreclosure" in regards to private residential real property in the united states.

32. The definition of the term "mortgage" defined in the 12 U.S.C. § 1736 is lifted straight from the Home Owners' Loan Act of 1933 (HOLA) as meaning "secure advances" to a "member bank".

33. The Federal Reserve Board's published regulations codified as 12 C.F.R. 206, lists the "eligible securities" being restricted to the Bank for International Settlement, and the debtor being a **member bank**.

34. 12 U.S.C. 632 defines, the term "**property**" includes gold, silver, currency, credits, deposits, securities, choses in action, and any other form of property, the proceeds thereof, and any right, title, or interest therein.

35. 12 U.S.C. § 632 defines, the term "**person**" includes any individual, or any corporation, partnership, association, or other similar organization.

36. All legitimate mortgage transactions regulated by the banking laws of the state and the United States are between member banks affiliates, directors, executives, and shareholders organized under title 12.

37. A permissible "foreclosure", is restricted to collateral stock" posted by "any corporation involved in foreign banking".

38. Any "promissory note" signed in any one of the several de jure states, outside of a federal area, and intended to encumber private real property, in violation of 12 U.S. Code § 615 and § 616, would be void ab-initio'.

39. The 1933 Home Owners Loan Act, section 4, repealed any direct loans to private people.

40. The 1933 Home Owners Loan Act, section 5, created Savings and Loan Associations, however, they are not permitted to accept a deposit, nor operate at a profit.

41. The record does not reflect that the attorney signing the pleadings has standing to bring this claim because Carlene McPhillip does not qualify to be in a banking transaction with Plaintiff in which she could have caused their alleged loss, injury or damages.

**Plaintiff Has No Personal Liability**

42. The STATE through its subdivision agency, GLOUCESTER COUNTY COURT, HAS AND OWES DUTY OF CARE TO Carlene McPhillip to protect her private rights from abridgment, infringement and invitations by its officers, agents, and contractors.

43. The STATE has breached that duty when one or more of its agents initiated a civil action and instituted a Plaintiff's suit against CARLENE MCPHILLIP; (case# F-008917-22)

44. The case in question was initiated under the [New Jersey Statute N. J. S]

45. The NJS are written by the Statute Law Revision Commission.

46. The Statute Law Commission Revision cannot and does not write "law" that is universally applicable on every man and woman that live, work, and play on land commonly known as New Jersey.

47. Since there is no enacting clause for the NJS, THEY are only applicable to those "person" in a maritime contractual agreement with the State of New Jersey or subdivision thereof.

48. Those "persons" are defined at 12 U.S.C. § 371c-1. Restriction on transactions to a member bank and its subsidiaries engaging with any covered transaction with an affiliate.

49. The record does not reflect that the court or its officers had delegation of authority to institute the case pursuant to 26 U.S. Code § 6903(a) and 26 CFR § 301.6903-1(a).

50. Opening a case/account without a delegation of authority is a violation of public policy and contract law as it invades Carlene McPhillip's privacy and deprives her of due process.

51. The STATE must have an interest or ownership in the subject property in order for it to delegate authority to its political subdivision, GLOUCESTER COUNTY COURT, to take 'in rem' action upon it.

52. Pursuant to Abernathy v. Abertnathy 26 Ga. 815 (Ga. 1997) 482 S.E.2d 265 Decided Mar 3, 1997, quasi in rem jurisdiction, that fictional "ancient form," and in personam jurisdiction, are really one and the same and must be treated alike – leading to the conclusion that quasi in rem jurisdiction, i.e., that form of in personam jurisdiction based upon a "property ownership" contact and by definition unaccompanied by personal, in state service, must satisfy the litigation relatedness requirement of International Shoe.

53. The record does not reflect consent has been given by Carlene McPhillip to be governed by the STATE Unit of general local government statutes [Cf. 12 U.S.C. § 1710(h)(8)(F)].

54. The record does not reflect "The appropriate State official or the trustee can execute and deliver a deed or other appropriate instrument conveying title to the purchaser at the foreclosure sale" as required pursuant to 12 U.S.C. § 171(1)(1).

**Subject Property Not Statutorily "In the State"**

55. Pursuant to New Jersey State Statute §1:1-2 **"State: extends to and includes any State, territory or possession of the United States, the District of Columbia and the Canal Zone.**

56. Pursuant to 4 USC 110 (d) The term "State" includes any Territory or Possession of the United States.

57. Pursuant to 4 USC 110 (e) The term **"Federal Area"** means any lands or premises held or acquired by or for the use of the United States or any department, establishment, or agency, of the United States; and any Federal area, or any part thereof, which is located within the exterior boundaries of any State.

58. The definition of "State" pursuant to title 12 USC 1817 (3)… means any State of the United States, the District of Columbia, any **territory** of the United States, Puerto Rico, Guam, American Samoa, The Trust Territory of the Pacific Islands, the Virgin Islands, and the Northern Mariana Islands.

59. The record does not reflect that the subject property is "in the state" as statutorily defined.

60. The record does not reflect admissible evidence upon which the court could render a lawful order because there is no **competent witness**.

61. The Defendant, by presenting no competent evidence, failed to establish a prima facie case establishing its right to judgment as a matter of law. (See State ex rel. Nixon v. McIntyre, 2007 WL 1974953 (Mo. Ct. App. W.D. 2007).

62. Nothing can be more material to the obligation than the means of "enforcement." Without the "remedy" the contract may, indeed, in the sense of the law, be said "not to exist", and its obligation to fall within the class of those moral and social duties which

depend on their fulfillment wholly upon the will of the individual.  The ideas of "validity" and "remedy" are inseparable. United States ex rel. Von Hoffman v. Quincy, 71 U.S. (1867). Therefore, the Plaintiff's act of instituting a case without any lawful authority to enforce it was instituted negligently and maliciously.

### Wrongful Conduct Related to Foreclosures

63. Under the States' consumer protection laws, the Banks are prohibited from engaging in unfair or deceptive practices with respect to consumers.

64. FHA regulations and guidance and servicer participation agreements establish requirements to be followed in the foreclosure of single family residential mortgages that are FHA insured, or where the servicer conducting the foreclosure is an MHA participant.

65. The alleged foreclosing Bank/Servicer regularly conducts or manages foreclosures on behalf of entities that hold mortgage loans and have contracted with the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER to service such loans.

66. In the course of their conduct, management, and oversight of foreclosures, Plaintiff violated FHA foreclosure requirements.

67. In the course of their conduct, management, and initiation of foreclosure, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER has engaged in a pattern of unfair and deceptive practices.

68. NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER' failure to follow appropriate foreclosure procedures, and related unfair and deceptive practices include, but are not limited to, the following:

    a.  Failing to properly identify the foreclosing party;

    b.  Failing to show attorney's authority to institute foreclosure actions;

c. Preparing executing, notarizing, or presenting false and misleading documents, filing false and misleading documents with courts and government agencies or otherwise using false or misleading documents as part of the foreclosure process (including, but not limited to, affidavits, declarations, certifications, substitutions of trustees, and assignments);

d. Preparing, executing, or filing affidavits in foreclosure proceedings without personal knowledge of the assertions in the affidavits and without review of any information or documentation to verify the assertions in such affidavits. This practice of repeated false attestation of information in affidavits is popularly known as "robo-signing." Where third parties engaged in robo-signing on behalf of the Banks, they did so with the knowledge and approval of the Banks;

e. Executing and filing affidavits in foreclosure proceedings that were not properly notarized in accordance with applicable state law;

f. Misrepresenting the identity, office, or legal status of the Carlene McPhillip executing foreclosure-related documents;

g. Inappropriately charging servicing, document creation, recordation and other costs and expenses related to foreclosures; and

h. Inappropriately dual-tracking foreclosure and loan modification activities, and failing to communicate with respect to objections to their fraudulent foreclosure activities.

## Reasons a Judge May be Disqualified

69. No delegation from HUD/Federal Reserve Board/Sec Treasury.

70. No Jurisdiction arises from non-existent Plaintiff/Deficient Pleadings.

71. Personal liability for any adverse action/no immunity/previous knowledge.

72. Judge has a conflict of interest as he is being paid by the state and therefore has a financial interest in the outcome of the alleged foreclosure case.

### Affirmative Defense

1. Failure to State a cause of action

2. Plaintiff is missing basic elements of their cause of action

3. Failure to state a claim upon which relief may be granted

4. Insufficiency of process

5. Insufficiency of service of process

6. Defendant never waived process and was not properly served with the summons and complaint

7. Lack of In Personam Jurisdiction

8. Defendants do not have sufficient minimum contacts with the forum where the lawsuit has been filed

9. Lack of subject matter jurisdiction

10. Gloucester county court jurisdiction is limited to matters related to administration of the **municipal corporation**

11. The record reflects alleged Defendants has no minimum contact standard with the COUNTY OF GLOUCESTER, wherefore Carlene McPhillip's property is unrelated to the cause of action.

12. Lack of territorial Jurisdiction

13. The court's jurisdiction is limited to the corporation limits of the county which includes property used for the business of the county.

14. The court does not have the power to rule on the controversy under the circumstances.

WHEREFORE Carlene McPhillip requires this administrative court TO ENTER AN ORDER

DISCHARGING Plaintiff claim against Carlene McPhillip, and charging Plaintiff $1,000,000.00

United States dollars for the negligent tort of infliction of emotional and mental distress caused

by Plaintiff.


I verify these words are true and faithful under the laws of the Supreme Ruler.


Respectfully,

By: Carlene McPhillip

29th day of the third month two thousand twenty three


Page 13 of 13