[ECF No. 9]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CARLENE MCPHILLIP,<br><br>                Plaintiff,<br><br>   v.<br><br>KATHLEEN M. MAGOON, et al.,<br><br>                Defendants. | Civil No. 23-2663 (RMB)(EAP)<br><br>ORDER |

**WHEREAS**, on June 13, 2023, Joseph M. Labuda, Esquire entered a Notice of Appearance on behalf of Defendant Allied First Bank, SB d/b/a Servbank ("Defendant"), ECF No. 4; and

**WHEREAS**, on June 18, 2023, *pro se* Plaintiff Carlene McPhillip filed the present Motion to Show Authority, ECF No. 9, seeking an Order requiring Joseph M. Labuda, Esquire to prove his authority to act on behalf of Defendant; and

**WHEREAS**, Plaintiff alleges that Defendant's governing members have not ratified Joseph M. Labuda, Esquire as Defendant's legal representative, and that neither Defendant's operating agreement nor bylaws grant authority to Joseph M. Labuda, Esquire to litigate this case. *See* ECF No. 9, ¶¶ 2-3. Plaintiff also alleges that Defendant "has no statutory authority to hire attorneys to litigate against a party who is not a member or shareholder." *See id.* ¶ 4; and

**WHEREAS**, Plaintiff cites a variety of authorities and state statutes in support of her motion, none of which is binding on this Court; and

**WHEREAS**, it is long established in federal courts that corporations must be represented by counsel who are admitted to practice in the jurisdiction where the action is pending. *Simbraw,*

*Inc. v. United States*, 367 F.2d 373, 374 (3d Cir. 1966); *see also In re Miners Fuel Co., Inc.*, 139 F. App'x 409, 411 (3d Cir. 2005); *Dorsey v. Black Pearl Books, Inc.*, No. 06-294, 2006 WL 3327874, at *1 n.2 (D.N.J. Nov. 14, 2006); and

**WHEREAS**, "[i]t is . . . well settled that an appearance by a practicing attorney creates a presumption that he has authority to act" for his client, and "the law casts the burden of proving the contrary upon the one asserting it." *Paradise v. Vogtlandische Maschinen-Fabrik*, 99 F.2d 53, 55 (3d Cir. 1938); *Weston v. United States*, No. 1:15-84, 2015 WL 5511133, at *7 (M.D.N.C. Sept. 17, 2015) ("Courts have long held that the appearance of an attorney for a party raises a presumption that the attorney has the authority to act on that party's behalf." (citing cases));

**WHEREAS**, Joseph M. Labuda, Esquire has certified that he is admitted to practice in the United States District Court for the District of New Jersey, ECF No. 4, and thus, by entering his appearance for Defendant, this Court presumes that he has authority to act on Defendant's behalf; and

**WHEREAS**, Plaintiff has cited no evidence that Joseph M. Labuda lacks authority to act for Defendant Allied and consequently, Plaintiff has failed to carry her burden; therefore,

**IT IS** this **9th** day of **August 2023**;

**ORDERED** that Plaintiff's Motion to Show Authority, ECF No. 9, is **DENIED**.

s/ Elizabeth A. Pascal  
ELIZABETH A. PASCAL  
United States Magistrate Judge

cc:  Hon. Renée M. Bumb, U.S.D.J.