[ECF No. 10]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **CARLENE MCPHILLIP,**<br><br>　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**KATHLEEN M. MAGOON, et al.,**<br><br>　　　　　　**Defendants.** | Civil No. 23-2663 (RMB)(EAP)<br><br>ORDER |

**WHEREAS**, on June 15, 2023, Brian M. Gilbert, Esquire and Brian P. Scibetta, Esquire entered Notices of Appearance on behalf of Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Defendant"), ECF Nos. 6, 7; and

**WHEREAS**, on June 18, 2023, *pro se* Plaintiff Carlene McPhillip filed the present Motion to Show Authority, ECF No. 10, seeking an Order requiring Brian M. Gilbert, Esquire and Brian P. Scibetta, Esquire to prove their authority to act on behalf of Defendant; and

**WHEREAS**, Plaintiff alleges that Defendant's governing members have not ratified Brian M. Gilbert, Esquire and Brian P. Scibetta, Esquire as Defendant's legal representatives, and that neither Defendant's operating agreement nor bylaws grant authority to Brian M. Gilbert, Esquire and Brian P. Scibetta, Esquire to litigate this case. *See* ECF No. 10, ¶¶ 2-3. Plaintiff also alleges that Defendant "has no statutory authority to hire Attorneys to litigate against a party who is not a member or shareholder." *See id.* ¶ 4; and

**WHEREAS**, Plaintiff cites a variety of authorities and state statutes in support of her motion, none of which is binding on this Court; and

**WHEREAS**, it is long established in federal courts that corporations must be represented by counsel who are admitted to practice in the jurisdiction where the action is pending. *Simbraw, Inc. v. United States*, 367 F.2d 373, 374 (3d Cir. 1966); *see also In re Miners Fuel Co., Inc.*, 139 F. App'x 409, 411 (3d Cir. 2005); *Dorsey v. Black Pearl Books, Inc.*, No. 06-294, 2006 WL 3327874, at *1 n.2 (D.N.J. Nov. 14, 2006); and

**WHEREAS**, "[i]t is . . . well settled that an appearance by a practicing attorney creates a presumption that he has authority to act" for his client, and "the law casts the burden of proving the contrary upon the one asserting it." *Paradise v. Vogtlandische Maschinen-Fabrik*, 99 F.2d 53, 55 (3d Cir. 1938); *Weston v. United States*, No. 1:15-84, 2015 WL 5511133, at *7 (M.D.N.C. Sept. 17, 2015) ("Courts have long held that the appearance of an attorney for a party raises a presumption that the attorney has the authority to act on that party's behalf." (citing cases));

**WHEREAS**, Brian M. Gilbert, Esquire and Brian P. Scibetta, Esquire are admitted to practice in the United States District Court for the District of New Jersey, ECF Nos. 6, 7, and thus, by entering their appearances for Defendant, this Court presumes that they have authority to act on Defendant's behalf; and

**WHEREAS**, Plaintiff has cited no evidence that Brian M. Gilbert and Brian P. Scibetta lack authority to act for Defendant and consequently, Plaintiff has failed to carry her burden; therefore

**IT IS** this **9th** day of **August 2023**;

**ORDERED** that Plaintiff's Motion to Show Authority, ECF No. 10, is **DENIED**.

s/ Elizabeth A. Pascal<br>
ELIZABETH A. PASCAL<br>
United States Magistrate Judge

cc:  Hon. Renée M. Bumb, U.S.D.J.